PENELOPE OVERTON, ALEXANDER BADHAM, PAULINE B. TURNER AND ALL OTHER HEIRS AT LAW OF HANNIBAL BADHAM, SR., DECEASED v. LONNIE BOYCE.

(Filed 24 February, 1960.)

**1. Judgments §§ 8, 35—**
 A judgment of nonsuit entered with the approval of the attorney for defendant upon plaintiffs' statement that all matters in controversy had been settled between the parties and that plaintiffs disclaim any further interest in the controversy, is a judgment in *retraxit* amounting to a decision on the merits, and such judgment is a bar to a subsequent action between parties to the former action upon the identical subject matter.

APPEAL by plaintiffs from *McLean, J.,* September Term, 1959, of CHOWAN.

This was an action brought by the plaintiffs on 2 April 1959 to quiet title to the real property described in the complaint filed in this action.

On 26 October 1944 the plaintiffs in the present action, and others, as heirs at law of Hannibal Badham, instituted a suit against Lonnie Boyce, the defendant in the present action, to quiet title to the land described in the complaint in said action. It is admitted that the tract of land involved in the 1944 action and in the present action is the same. In the former action, on 13 July 1945, the plaintiffs caused a judgment to be entered with the approval of their attorney and

the attorney for the defendant, which recites: " * * * that all matters in controversy have been fully settled between the parties and that there does not exist any further dispute between said parties relative to the ownership of the property described in complaint and that plaintiffs disclaim any further interest in said controversy and that said plaintiffs desire that this action be nonsuited * * *." Whereupon, judgment as of nonsuit was accordingly entered.

When the present action came on for hearing on the defendant's plea of *res judicata,* the court held that the former judgment was a consent judgment and constituted a bar to the present action.

The court below found as a fact that the plaintiffs and the defendant herein were parties to the former action; that the subject matter was identical in both actions, and that the parties are bound by the judgment entered 13 July 1945. Judgment to that effect was entered.

Plaintiffs appeal, assigning error.

*R. Conrad Boddie, Samuel S. Mitchell; Chance & Mitchell of New York City, for plaintiffs appellant.*

*Weldon A. Hollowell, Pritchett & Cooke for defendant, appellee.*

PER CURIAM. This Court said in the case of *Steele v. Beaty,* 215 N.C. 680, 2 S.E. 2d 854, "A judgment in *retraxit* is usually based upon and follows a settlement out of court. Where the parties to an action have settled their dispute and agreed to a dismissal, such dismissal is a *retraxit* and amounts to a decision upon the merits. (Citations omitted) The rule seems to be universal that a judgment of dismissal entered by agreement of the parties pursuant to a compromise and settlement of the controversy is a judgment on the merits barring any other action for the same cause."

We concur in the ruling of the court below, and no prejudicial error has been made to appear on this appeal.

Affirmed.