FRANCES BADHAM HOWARD; FANNIE BADHAM; BESSIE B. SMALL; SIDNEY BADHAM; MILES BADHAM; PENELOPE OVERTON; ALEXANDER BADHAM; CHARITY BADHAM; CHARLES BADHAM; SADIE B. HAWKINS; PAULINE B. TURNER; FRANK BADHAM; JAMES (JANIE) BADHAM, AND ALL OTHER HEIRS AT LAW OF HANNIBAL BADHAM, DECEASED. v. LONNIE BOYCE.

(Filed 22 November, 1961.)

**1. Judgments §§ 25, 29—**

Upon motion of only two of a number of plaintiffs to set aside a consent judgment or a judgment in retraxit on the ground that they had not authorized anyone to bring the suit for them, only movants and respondant-defendant are before the court seeking adjudication of their rights *inter se*, and upon evidence supporting movants' averments the court may adjudicate only that movants are not bound by the judgment and it is error for the court to adjudicate further with regard to rights of parties not before it on the motion and not seeking its aid.

APPEAL by Frances Badham Howard' (Mrs. Martin L. Howard) from *Parker, J.,* May 1961 Term of CHOWAN.

This is the third appeal from judgments relating to the validity and effect of the judgment rendered in 1945 by the Superior Court of Chowan County in an action entitled as above. See *Overton v. Boyce,* 252 N.C. 63, 112 S.E. 2d 727, and *Howard v. Boyce,* 254 N.C. 255, 118 S.E. 2d 897. Following the remand directed in the opinion of *Moore, J.,* in *Howard v. Boyce, supra,* the motions of Penelope Overton and Alexander Badham were heard by Judge Parker.

Movants Overton and Badham offered evidence to support their allegations that they had not authorized anyone to bring suit for them against defendant Boyce for the purpose of determining ownership of the land described in the complaint. Frances Badham Howard, appellant, testified as a witness for movants. She testified: She employed Mr. Jennette; she verified the complaint which was filed; none of the heirs of Hannibal Badham, Sr. authorized her to employ counsel; Mr. Jennette sent her the amount paid by Boyce, less his fee; she did not distribute any portion of these funds to any of the other heirs.

Based on the evidence, Judge Parker found:

"FIFTH: That no person, other than Frances Badham Howard, named as plaintiffs, authorized Mr. J. W. Jennette, Attorney, to represent him, her or them, in the action commenced on October 26, 1944, and purportedly concluded by judgment before the Clerk of the Superior Court of Chowan County, dated July 13, 1945.

"SIXTH: That Frances Badham Howard authorized and understood the prosecution of the action purportedly determined by judgment before said Clerk of the Superior Court of Chowan County,

dated July 13, 1945, to have proceeded upon the theory of sole owner-ship and right to possession in her under a paper writing, allegedly a deed to her father, Hannibal Badham, Jr., and under a paper writing, allegedly a testamentary devise from Hannibal Badham, Jr., her father, to her, the said Frances Badham Howard, and that she had no authority to authorize, nor did she authorize said action on behalf of any other heir or heirs of Hannibal Badham, Sr., her grandfather.

"SEVENTH: That no additional evidence on the question of laches has been offered by respondents.

"EIGHTH: That no other related question has been raised requir-ing findings of fact and conclusions of law."

Based on these findings, he concluded as a matter of law that ap-pellant "is legally bound by the judgment in said action commenced October 26, 1944, and concluded, insofar as her right, title and interest in and to the lands described in the complaint are concerned, by judg-ment entered before the Clerk of the Superior Court of Chowan Coun-ty on July 13, 1945." Thereupon he adjudged "that movants' motion be and it is HEREBY ALLOWED and that said judgment in this cause entered before the Clerk of the Superior Court of Chowan Coun-ty on July 13, 1945, in respect to all parties plaintiffs, other than Frances Badham Howard or Mrs. Martin L. Howard, be and the same is HEREBY SET ASIDE." Frances Badham Howard excepted to this judgment and appealed.

*Samuel S. Mitchell, R. Conrad Boddie, Chance, Mitchell & Wells for plaintiff appellant.*

*Pritchett & Cooke and Weldon A. Hollowell for defendant appellee.*

RODMAN, J.  Appellant has made no motion to vacate the judgment rendered in 1945, nor have any parties named as plaintiffs made such a motion except movants Penelope Overton and Alexander Badham. The only parties before the court seeking an adjudication of their rights at the May 1961 Term were movants Overton, Badham, and respondent Boyce. Their appearance, voluntary or by process duly issued and served, authorized the court to determine their rights *inter se.* The court had no power to declare or deny a right to one not seeking a determination of his rights. *Howard v. Boyce, supra; Peel v. Moore,* 244 N.C. 512, 94 S.E. 2d 491; *Coach Co. v. Burrell,* 241 N.C. 432, 85 S.E. 2d 688; *Powell v. Turpin,* 224 N.C. 67, 29 S.E. 2d 26; *Johnson v. Whilden,* 171 N.C. 153, 88 S.E. 223; *Allred v. Smith,* 135 N.C. 443; *Loven v. Parson,* 127 N.C. 301; *Falls v. Gamble,* 66 N.C. 455.

The court, on the findings made, correctly adjudged that the judg-

ment rendered in 1945 was not binding on movants Overton and Badham. That was the only question it was called upon to decide. It exceeded its jurisdiction by adjudging rights of parties not before it and not seeking its aid.

The cause is remanded to the Superior Court of Chowan County with instructions to modify and correct Judge Parker's judgment to conform to this opinion.

Remanded for modification.