FRANCES BADHAM HOWARD, FANNIE BADHAM, BESSIE B. SMALL, SIDNEY BADHAM, MILES BADHAM, PENELOPE OVERTON, ALEXANDER BADHAM, CHARITY BADHAM, CHARLES BADHAM, PAULINE B. TURNER, FRANK BADHAM, SADIE B. HAWKINS, JAMES BADHAM, AND ALL OTHER HEIRS AT LAW OF HANNIBAL BADHAM, DECEASED, PETITIONERS v. LONNIE BOYCE, RESPONDENT.

(Filed 2 March, 1966.)

**1. Appeal and Error § 60—**

Decisions on former appeals become the law of the case in subsequent proceedings.

**2. Parties § 2—**

An action may be prosecuted only by the real party in interest, and an agent or an attorney in fact may not maintain an action in his own name for the benefit of his principal. G.S. 1-57.

**3. Same; Judgments § 16—**

A motion in the cause is the prosecution of an action within the meaning of G.S. 1-57, so that an agent or an attorney in fact has no standing to move to set aside a judgment, and the court is without jurisdiction to hear such motion.

**4. Principal and Agent § 1—**

An attorney in fact is one appointed by a written instrument to transact business for the principal out of court.

**5. Courts § 2—**

The court should dismiss an action immediately it appears the real party in interest is not before it.

**6. Judgments § 8—**

The common interest of heirs at law does not empower one of them to institute or settle an action relating to title on behalf of the others, and a judgment in retraxit entered in such action does not bind the other heirs in the absence of specific authority, ratification or estoppel.

MOORE, J., not sitting.

APPEAL by movant, L. Joseph Overton, from *Morris, J.,* March Term 1965 of CHOWAN.

*Richard Powell and Mitchell & Murphy for movant.*
*Pritchett, Cooke & Burch for respondent.*

RODMAN, E.J. In October 1944 a summons issued out of the Superior Court of Chowan County in an action captioned as above. The complaint, verified by Frances Badham Howard, alleged: The heirs at law of Hannibal Badham, Sr., were the owners of a tract of land in Chowan County containing 319 acres; those named as plaintiffs were the heirs at law of Hannibal Badham, Sr.; the defendant Boyce asserted title to said land; his claim of title cast a cloud on their good title. The complaint concluded with a prayer that those named as plaintiffs be adjudged the owners of the land free from any claim by defendant.

Defendant within the statutory time answered and denied plaintiffs' claim of ownership.

On July 13, 1945, the Clerk of the Superior Court, with the consent of counsel of record for plaintiffs and defendant, entered a judgment dismissing the action as upon nonsuit. The adjudication was based on recitals in the judgment that the parties had settled all material matters in controversy and "that plaintiffs disclaim any further interest" in said controversy.

In 1959 Penelope Overton and others instituted an action in the Superior Court of Chowan County again asserting they were the owners of the 319 acres described in the action begun in 1944; that defendant Boyce was in possession, claiming to be the owner; his claim constituted a cloud on their title. Boyce answered denying plaintiffs' asserted title. As an additional defense, he pleaded the judgment rendered in the action begun in 1944. At the trial, Judge McLean held the plea in bar good. He dismissed the action. Plaintiffs appealed. This Court affirmed in an opinion filed 24 February 1960. *Overton v. Boyce,* 252 N.C. 63, 112 S.E. 2d 727.

On August 10, 1960 Penelope Overton made a motion in the cause to vacate the judgment rendered in 1945, for that counsel purporting to represent plaintiffs were without authority to speak for her. Movant's brother, Alexander Badham, joined in the motion and likewise sought to vacate the judgment rendered in 1945. That motion was heard by Bone, J., at the September Term 1960.

Movants offered evidence to the effect that they had not authorized counsel to act for them in instituting the 1944 action nor in consenting to a judgment reciting that matters in controversy had been adjusted. Movants testified that they knew nothing of the institution of the action or the rendition of the judgment until sometime subsequent to 1945.

The court made no finding with respect to the authority of counsel to institute the action for movants or to consent to the judgment. It found that movants had not challenged the authority of counsel of record until the filing of the motion on August 10, 1960; that they had failed to show a meritorious claim and were guilty of laches. Based on his findings he denied the motion. Movants appealed. The appeal was heard at the Spring Term 1961 of this Court. The opinion, filed 22 March 1961, is reported 254 N.C. 255, 118 S.E. 2d 897. Justice Moore, speaking for the Court, discusses at length the law applicable to rights asserted by movants and the defenses of laches and want of merit. In concluding his opinion, he said:

"The primary question for the court below was whether or not the attorney of record had authority from appellants to compromise and settle the matters in controversy and approve a judgment in retraxit disclaiming on their behalf any right, title or interest in the land in question. There are no findings of fact determining this question. The judgment does not purport to determine this question. The cause must be remanded for this determination and for decision on all other related questions raised. *Columbus County v. Thompson*, 249 N.C. 607, 107 S.E. 2d 302.

"On the question of laches the record before us shows nothing more than considerable lapse of time and is insufficient to support the finding 'that the movants have been guilty of laches and unreasonable delay.' A further showing on this phase may be made when the motion is again heard."

On remand to the Superior Court for findings and conclusions based thereon as directed in the opinion of Moore, J., Judge Parker, presiding over the May Term 1961, found *inter alia:*

"FIFTH: That no person, other than Frances Badham Howard, named as plaintiffs, authorized Mr. J. M. Jennette, Attorney, to represent him, her or them, in the action commenced on October 26, 1944, and purportedly concluded by judgment before the Clerk of the Superior Court of Chowan County, dated July 13, 1945.

"SIXTH: That Frances Badham Howard authorized and understood the prosecution of the action purportedly determined by judgment before said Clerk of the Superior Court of Chowan County, dated July 13, 1945, to have proceeded upon the theory of sole ownership and right to possession in her under a paper writing, allegedly a deed to her father, Hannibal Badham, Jr., and under a paper writing, allegedly a testamentary devise from Hannibal Badham, Jr., her father, to her, the said Frances Badham Howard, and that she had no authority to authorize, nor did she authorize said action on behalf of any other heir or heirs of Hannibal Badham, Sr., her grandfather.

"SEVENTH: That no additional evidence on the question of laches has been offered by respondents."

Based on his findings, he concluded:

"That no person, other than Frances Badham Howard, is bound by the judgment taken before the Clerk of the Superior Court of Chowan County, dated July 13, 1945."

It was thereupon adjudged that the "judgment in this cause entered before the Clerk of the Superior Court of Chowan County on July 13, 1945, in respect to all parties plaintiff, other than Frances Badham Howard or Mrs. Martin L. Howard, be, and the same is HEREBY SET ASIDE."

Frances Badham Howard appealed from that portion of the judgment adjudging her bound by the judgment rendered by the Clerk in 1945. That appeal was heard at the Fall Term 1961. We remanded the case to the Superior Court for modification because the only parties then before the court were movants Penelope Overton and Alexander Badham and defendant Boyce. We said:

"The court, on the findings made, correctly adjudged that the judgment rendered in 1945 was not binding on movants Overton and Badham. That was the only question it was called upon to decide. It exceeded its jurisdiction by adjudging rights of parties not before it and not seeking its aid."

The Superior Court at the April Term 1962 rendered judgment in conformity with the opinion reported in 255 N.C. 712, 122 S.E.

2d 601. The judgment then rendered has not been challenged by appeal.

The legal principles enunciated in *Overton v. Boyce,* 252 N.C. 63, 112 S.E. 2d 727, and *Howard v. Boyce,* 254 N.C. 255, 255 N.C. 712, are the "law of the case." They control our decision on this appeal. Epitomized, they are:

1.  No defect appeared of record in the action begun in 1944. The validity of the judgment rendered in 1945 could only be challenged by motion in the cause. *Overton v. Boyce,* 252 N.C. 63.

2.  Any person specifically named as party plaintiff in the 1944 action could challenge the judgment entered in 1945 upon establishing (1) that he had not employed counsel or otherwise authorized the institution of the action, or (2) having employed counsel and authorized the institution of the action, he had not authorized his counsel to enter a judgment of retraxit. Whether parties not so bound would be barred by laches, ratification or estoppel, would depend upon the facts found. *Howard v. Boyce,* 254 N.C. 255.

3.  No judgment could be entered affecting the 1945 judgment except on motion of one named as a party or successor in interest to such party. *Howard v. Boyce,* 255 N.C. 712.

More than three years after the opinion reported in 255 N.C. 712 was certified to the Superior Court, L. Joseph Overton filed a motion in which he said:

> "That he is the duly appointed Attorney in Fact for all heirs or successors to the interest of all heirs of Hannibal Badham, excepting, however, Penelope Overton and Alexander Badham; . . . that movant is the duly appointed Attorney in Fact for all persons or their successors in interest, as are listed as 'parties-plaintiff' in an action which was filed in 1944 . . .; that, specifically, movant is the Attorney in Fact for persons including Dorothy Turner Jowell, Helen Turner Jones, Geraldine Turner Edgerston, Adeline Turner Darlington, Ira B. Adams, Elnora Badham and Frances Badham Howard, and all other heirs or successors to the interest of heirs of Hannibal Badham, deceased; that instruments indicating movant's authority to act in this cause on behalf of the heirs of Hannibal Badham, deceased, or the successors of such heirs, have been duly filed and recorded in the Office of the Register of Deeds for Chowan County."

In the verification to the motion Overton avers "that he is the duly appointed Attorney in Fact for heirs of Hannibal Badham, deceased, or their successors in interest."

The hearing was had before Judge Morris at the March Term 1965. At that hearing Judge Morris found facts substantially as here stated. He adjudged that Frances Badham Howard was bound by the judgments rendered in 1945 and 1961; that counsel then appearing for movant L. Joseph Overton had participated in previous hearings; that L. Joseph Overton represents all heirs and interest in the estate of Hannibal Badham, Sr., deceased, "other than the interest of Alexander Badham, Jr. and Penelope Overton," further finding that L. Joseph Overton had been acquainted with counsel for those claiming to be heirs of Hannibal Badham since 1957. He denied the motion of L. Joseph Overton.

This litigation has been protracted. The rights of the parties should be settled, but that cannot be done until the court has before it parties who will be bound by its decrees. For nearly a century our statutory law has required every action to be prosecuted in the name of the real party in interest. G.S. 1-57. Since the enactment of that statute it has been consistently held that an agent for another could not maintain an action in his name for the benefit of his principal. *Parnell v. Insurance Co.,* 263 N.C. 445, 139 S.E. 2d 723; *Morton v. Thornton,* 259 N.C. 697, 131 S.E. 2d 378; *Insurance Co. v. Locker,* 214 N.C. 1, 197 S.E. 555; *Rental Co. v. Justice,* 211 N.C. 54, 188 S.E. 609; *Bank v. Rochamora,* 193 N.C. 1, 136 S.E. 259; *Chapman v. McLawhorn,* 150 N.C. 166, 63 S.E. 721. A motion in the cause is the prosecution of an action within the meaning of G.S. 1-57.

Webster's Third New International Dictionary defines "Attorney in Fact" as "A person appointed by another by a letter or power of attorney to transact any business for him out of court." See Am. Jur., 2d 433.

When, as here, it appears that the real party in interest is not before the court, the proceeding should be dismissed. *Utilities Commission v. Kinston,* 221 N.C. 359, 20 S.E. 2d 322; *Howard v. Boyce,* 255 N.C. 712.

Evidence introduced on prior hearings tends to show counsel who instituted the action in 1944 was employed by Frances Badham Howard, one of the heirs of Hannibal Badham; she had no authority to authorize counsel to act for the other heirs; she did not authorize her attorney to settle her claim against defendant Boyce; when her attorney did so he sent his client the amount paid for the settlement less his fee; she has never returned or offered to return

the moneys paid her for the settlement. There is no evidence to show the other parties named as plaintiffs in the 1944 action received any part of the moneys paid by Boyce.

If any of the heirs of Hannibal Badham should in their own name hereafter move to vacate the judgment rendered in 1945, the court should make full findings of fact, touching the questions of authority to bring the suit and authority to settle. The difference between authority to institute suit and authority to settle if authorized to sue may, depending on other facts, be important. If defendant asserts as defenses laches, ratification of the acts of an unauthorized agent, or estoppel, the court should make full and detailed findings on these and any other defenses.

The judgment from which the appeal is taken is vacated. The motion of L. Joseph Overton to set aside the judgment of 1945 is denied. Those who may be prejudiced by that judgment are not asking the court to act. The motion is made by an agent, not in the name of his principal, but in his own right. He has no interest in the controversy. Hence the court is without jurisdiction to act. *Howard v. Boyce,* 255 N.C. 712.

Judgment vacated.
Motion dismissed.

MOORE, J., not sitting.