THOMAS O'GRADY, JAMES R. PRIDEMORE, PETER MacQUEEN III AND MARY G. MacQUEEN v. FIRST UNION NATIONAL BANK OF NORTH CAROLINA v. BANK OF NORTH CAROLINA, N.A. v. JACK F. STEWART AND WAYNE C. HUDDLESTON

No. 775SC161

(Filed 21 February 1978)

1. **Bills and Notes § 19; Evidence § 32.5— rescission of collateral for loan— evidence of condition— parol evidence rule**

In this action to rescind a letter of credit as collateral for a note to a bank, an unconditional guaranty of a portion of the note, and one maker's signature on the note on the ground that the bank had relieved two persons of liability on the debt when it accepted a second note in substitution of the original note, testimony by two plaintiffs that they signed the letter of credit and guaranty on the condition that the two persons would remain liable on the debt was properly excluded as being in violation of the parol evidence rule where the evidence showed that plaintiffs did not communicate the alleged condition to the bank.

2. **Bills and Notes § 20— action to rescind collateral— counterclaim on note— judgment for defendant**

In an action to rescind a letter of credit and guaranty given as security for a note to a bank on the ground that a condition precedent had been breached, the trial court did not err in concluding that the ultimate facts were not in dispute, dismissing plaintiffs' case at the conclusion of all the evidence, and entering judgment for defendant bank on its counterclaim for the balance remaining due on the note where the note was admitted into evidence without any conditions or contingencies attached, and the evidence showed that the note had not been paid according to its terms.

3. **Rules of Civil Procedure § 52— separate findings and conclusions— sufficiency of judgment**

A judgment in which the court determined that the ultimate facts were not in dispute, dismissed plaintiffs' case and entered judgment for defendant on its counterclaim was sufficient to meet the mandate of G.S. 1A-1, Rule

52(a)(1) that the court find the facts and state separately its conclusions of law, although it would have been better for the court to have stated its findings and conclusions in more detail.

APPEAL by plaintiffs from *James, Judge*. Judgment entered 2 September 1976 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 10 January 1978.

This is a civil action filed on 11 August 1975 by Thomas O'Grady, plaintiff, to rescind an irrevocable commercial letter of credit in the amount of $26,000.00 dated 9 April 1975 on the grounds that the First Union National Bank (hereinafter FUNB), defendant, relieved Jack and Flora Stewart of any liability on the debt; by plaintiffs, Peter MacQueen III and Mary G. MacQueen, to rescind an unconditional guaranty of $7,500.00 on the same grounds as plaintiff, O'Grady; and by plaintiff, James R. Pridemore, to rescind his execution of the note of 9 April 1975 on the grounds that the defendant, FUNB, has relieved Jack and Flora Stewart from any liability on the debt. The Bank of North Carolina, N.A., was made a party defendant as it issued the letter of credit sought to be rescinded. The defendant, FUNB, answered and counterclaimed for judgment against the plaintiff, O'Grady, upon the letter of credit, against the plaintiffs, Peter MacQueen and Mary MacQueen, upon their guaranty and against the plaintiff, Pridemore, upon his liability on the note. The letter of credit and guaranty represented collateral security for a loan in the principal amount of $45,000.00. FUNB also filed a third party complaint against Jack F. Stewart and Wayne C. Huddleston, both of whom had entry of default and judgment by default entered against them.

At the call of the case, all of the parties, by consent, waived a trial by jury, and the case was heard by the trial judge. The evidence presented tended to show that Jack Stewart, Wayne Huddleston, and James R. Pridemore were developers of motels in Rocky Mount, North Carolina, Rowland, North Carolina, and Florence, South Carolina, were in need of construction funds, and requested the defendant, FUNB, to make a loan to them for $45,000.00 which the defendant bank agreed to do upon its receiving proper security for the loan. The negotiations relating to the loan culminated in the signing of the first note dated 3 April 1975 by Jack Stewart, Flora Stewart, James Pridemore, and Wayne C.

Huddleston through his attorney in fact, Pridemore. Only Jack Stewart, Pridemore, and Huddleston were shown on the note as primary obligors. The loan proceeds were not disbursed as a result of the 3 April 1975 note, as the requested collateral security for the note had not been received by the defendant bank.

Thereafter, plaintiff O'Grady caused the Bank of North Carolina, N.A., to issue a letter of credit in favor of FUNB in the amount of $26,000.00, and plaintiffs MacQueen executed and delivered to FUNB their guaranty in the amount of $7,500.00. On 9 April 1975, plaintiff Pridemore went to FUNB offices in Rocky Mount to obtain the proceeds from the loan. The 3 April note was a three-year note, and bank officials discovered that the letter of credit only extended for one year. Thus, a new note was prepared containing a one-year repayment provision. The new note, dated 9 April 1975, was executed by Jack F. Stewart, Wayne C. Huddleston, and James R. Pridemore as primary obligors, and was signed by James R. Pridemore personally, by Wayne C. Huddleston through his attorney in fact, Pridemore, and by Stewart through his attorney in fact, Pridemore. FUNB thereupon disbursed the loan proceeds of $45,000.00 to Pridemore by means of its check made payable to Stewart, Pridemore, and Huddleston and which was negotiated by Pridemore by his endorsements in the same manner, personally and through his powers of attorney, as he had executed the 9 April note.

At the close of all of the evidence, defendant, FUNB, moved for a directed verdict dismissing plaintiffs' action and granting defendant, FUNB, judgment against the plaintiffs on its counterclaim. Both motions were allowed, and the plaintiffs appeal.

*Crossley & Johnson, by Robert White Johnson, for the plaintiff appellants.*

*Parker, Rice & Myles, by Charles E. Rice III, for the defendant appellee, FUNB.*

ERWIN, Judge.

[1] The plaintiff, O'Grady, would have testified, if permitted, that he had the letter of credit issued on the condition that Jack and Flora Stewart would remain liable on the note. The plaintiffs, MacQueen, would have testified, if permitted, that they executed

the guaranty on the condition that Jack and Flora Stewart would remain liable on the note. The plaintiffs contend that these were conditions precedent.

Relying upon *Bailey v. Westmoreland*, 251 N.C. 843, 112 S.E. 2d 517 (1960), *Perry v. Trust Co.*, 226 N.C. 667, 40 S.E. 2d 116 (1946), and *Overall Co. v. Hollister Co.*, 186 N.C. 208, 119 S.E. 1 (1923), the plaintiffs contend that this testimony should have been admitted into evidence as an exception to the parol evidence rule and that the exclusion thereof amounts to prejudicial error. We do not agree.

Justice Bobbitt (later Chief Justice) in the case of *Bailey v. Westmoreland, supra*, at 845 and 846, 112 S.E. 2d at 519 and 520, stated the rule that controls the admission of parol evidence:

"The parol evidence rule, upon which defendants' contention is based, 'prohibits the admission of parol evidence to vary, add to, or contradict a written instrument.' Stansbury, North Carolina Evidence § 251. However, 'The parol evidence rule presupposes the existence of a legally effective written instrument. It does not in any way preclude a showing of facts which would render the writing inoperative or unenforceable.' Stansbury, *op. cit.*, § 257.

'. . . the rule excluding parol evidence has no place in an inquiry unless the court has before it some ascertained paper beyond question binding and of full effect. Hence, parol evidence is admissible to show conditions precedent, which relate to the delivery or taking effect of the instrument, as that it shall only become effective on certain conditions or contingencies, for this is not an oral contradiction or variation of the written instrument but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed; . . .' 32 C.J.S., Evidence § 935. In accord: 20 Am. Jur., Evidence § 1095; 8 Am. Jur., Bills and Notes §§ 1051 and 1052; Wigmore on Evidence, Third Edition, § 2410; Stansbury, *op. cit.*, § 257.

\*    \*    \*

The parol evidence, in large measure, consists of testimony of the defendants as to what was said and done *by plaintiff* in their personal transactions with him. This

testimony, properly admitted, was amply sufficient to sustain the verdict."

In *Perry v. Trust Co., supra,* at 671, 40 S.E. 2d at 118 and 119, Justice Devin stated:

"We think the plaintiff in this case has offered evidence which, when considered in the light most favorable for him, affords ground for the permissible inference, deducible therefrom, that the $2,300 papers and the $1,971 note relate to the same transaction, and evidence in the main the same obligation; that the three notes aggregating $2,300 were not based upon a present consideration, but were executed upon condition that the payee take up the outstanding liens on plaintiff's land; that upon the payee's failure so to do the $1,971 note was later given by the plaintiff to the payee's administrator to cover these same obligations, or a substantial part thereof; and further that this note for $1,971, which the plaintiff stands ready to pay, was accepted by the then acting administrator as constituting a discharge of the previously executed notes. *Ins. Co. v. Morehead,* 209 N.C., 174, 183 S.E., 606."

In *Overall Co. v. Hollister Co., supra,* at 209, 119 S.E. at 1 and 2, Justice Stacy (later Chief Justice) reversed the trial court below to permit parol evidence to be admitted and stated the following:

"Defendant denied liability and, upon the trial, offered to show that the order in question was given with the distinct understanding and upon the express condition that the same should not become effective or operative if certain overalls previously ordered from another dealer were received by defendant; and further, that before plaintiff had acknowledged and accepted said order, defendant advised the plaintiff by letter that defendant would receive the overalls previously ordered as aforesaid, and that defendant would and did thereby cancel the order given to plaintiff's agent. Notwithstanding this letter, plaintiff thereafter shipped the overalls and now brings this suit to recover their value as per stipulated price.

All of the defendant's proposed evidence was excluded on objection. Therefore the single question presented by the appeal is the competency or incompetency of the evidence offered by the defendant.

\* \* \*

We think the evidence offered by the defendant brings the instant case within the latter rule and that a new trial must be awarded and another jury impaneled to pass upon the evidence."

In these cases, the conditions and contingencies were known by the parties to the instruments prior to their execution. However, the evidence here shows that O'Grady and the Mac-Queens did not communicate the alleged condition to the defendant, FUNB. Further, Jack F. Stewart was made a third party defendant, and default judgment was rendered against him, indicating that FUNB had not relieved Stewart of liability on the debt.

This brings this Court to the assignments of error Nos. 2 and 3.

2. The trial court erred in finding that there were no factual disputes as to the matters and issues of law raised by the pleadings and evidence in the case.

3. The trial court erred in dismissing the plaintiffs' case at the conclusion of all the evidence and in entering judgment for the defendant, FUNB, on its counterclaim without making findings of fact or conclusions of law.

[2]  After the evidence as set out above was properly excluded, the trial court had before it the 9 April 1975 note, properly admitted into evidence by the plaintiffs and the defendant without any conditions or contingencies attached, and clear evidence that the note had not been paid according to the terms thereof, which was sufficient to conclude at the close of the evidence that the ultimate facts were not in dispute, and that the plaintiffs were indebted to the defendant, FUNB, for the balance remaining due on the note as alleged in its counterclaim. We, therefore, conclude that the plaintiffs' second assignment of error is without merit.

Though the defendant FUNB's motion for a directed verdict against the plaintiffs was incorrectly designated as such, we have treated it as a motion for involuntary dismissal under G.S. 1A-1, Rule 41(b), similar to the motion for compulsory nonsuit under former G.S. 1-183, *See Higgins v. Builders and Finance, Inc.*, 20 N.C. App. 1, 200 S.E. 2d 397 (1973), cert. denied, 284 N.C. 616, 201 S.E. 2d 689 (1974). Also, FUNB's motion for a directed verdict in its favor and against the plaintiffs on its counterclaim was incorrectly labeled, in that, this was a nonjury trial. In reality, this latter motion was nothing more than a request that the trial court enter judgment in favor of FUNB on its counterclaim. G.S. 1A-1, Rule 52(a)(1) provides as follows:

> "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment."

[3]  We conclude that the judgment entered below was not commendable in all respects, but we find no reversible error. Once the evidence as to the alleged condition was properly excluded, we agree with the trial court "that there are no factual disputes as to the matters and issues of law raised by the pleadings and evidence in this case." In effect, the trial court found that the plaintiffs had no defense to the defendant FUNB's counterclaim, that the balance due on the note had not been paid, and that judgment should be entered against the plaintiffs. Suffice it to say that on the facts of this case, we hold that the trial court made sufficient findings of fact and conclusions of law. While it would have been better form for the trial court to have stated its findings and conclusions in more detail, such a technical defect is not reversible error when the ultimate facts were not in dispute, and a request for additional findings had not been made. A purpose of Rule 52(a)(1) is to assist the appellate courts in determining whether or not the trial court correctly found the facts and applied the law to them. *See Montgomery v. Montgomery*, 32 N.C. App. 154, 231 S.E. 2d 26 (1977). The judgment before us is sufficient to meet the mandate of Rule 52(a)(1).

The judgment for the defendant is

Affirmed.

Chief Judge BROCK and Judge VAUGHN concur.