CABARRUS BANK & TRUST COMPANY v. GERALD R. CHANDLER

No. 8220DC960

(Filed 6 September 1983)

**Guaranty § 2; Principal and Agent § 1; Uniform Commercial Code § 32— unregistered power of attorney not invalidating promissory note to plaintiff**

Where defendant executed a Loan Guaranty Agreement on behalf of a husband and wife to enable them to obtain a loan from plaintiff, where the husband signed the promissory note as attorney-in-fact for his wife pursuant to a

written power of attorney which was not registered, and where plaintiff demanded payment from defendant under the agreement once the husband and wife petitioned for bankruptcy, the trial court properly entered an order granting plaintiff's motion for summary judgment and ordering defendant to pay plaintiff pursuant to the agreement since the recording provision of G.S. 47-115.1 applies only in cases where a competent principal later becomes incompetent, and the wife was competent when she signed the power of attorney and when the guaranty was given. G.S. 25-3-401 and G.S. 25-3-416.

APPEAL by defendant from *Huffman, Judge.* Judgment entered 20 May 1982 in District Court, STANLY County. Heard in the Court of Appeals 22 August 1983.

This action concerns defendant's liability as guarantor of a joint debt where the original promissory note was signed by one of the debtors for himself and for his wife, pursuant to a written, but unrecorded power of attorney. Defendant asserts he is not liable on the debt since the power of attorney, executed pursuant to G.S. 47-115.1 was not recorded.

The facts, which are not in dispute, are as follows: On 6 June 1980, defendant executed a Loan Guaranty Agreement on behalf of Ronald and Melanie Burris to enable them to obtain a loan from plaintiff not to exceed $12,000.00. Defendant also agreed to pay all costs, expenses, and reasonable attorney's fees incurred by plaintiff in collecting its debt and enforcing the Loan Guaranty Agreement. The Agreement further provided that in case of bankruptcy of the debtor, the entire indebtedness, to the extent of the amount of the guaranty, could, at the option of plaintiff, become immediately due and payable by the defendant-guarantor.

Also, on June 6, 1980, Burris executed a promissory note payable to plaintiff in the principal amount of $11,800.00, plus interest at the rate of twelve percent (12%) per annum. Burris executed the note on behalf of himself and his wife, as her attorney-in-fact.

Burris was attorney-in-fact for his wife pursuant to a written power of attorney executed by Melanie Burris on March 23, 1979. The power of attorney specifically incorporated G.S. 47-115.1. In the instrument, Melanie Burris authorized her husband to borrow funds on her behalf and in her name. Melanie Burris was competent when the power of attorney was executed and when the loan from plaintiff occurred. The power of attorney was never recorded in the Office of the Register of Deeds.

On March 5, 1981, Ronald and Melanie Burris filed a petition under Chapter Seven of the Bankruptcy Act, and on March 20, 1981, plaintiff demanded payment from defendant under the Loan Guaranty Agreement. Defendant did not pay, and on June 2, 1981, plaintiff instituted action on the Loan Guaranty Agreement executed by defendant.

The Court entered an order on 20 May 1982 granting plaintiff's motion for summary judgment and ordering defendant to pay plaintiff $12,000.00 with interest thereon from March 20, 1981, and costs of litigation, including plaintiff's attorney's fees.

*Hartsell, Hartsell, & Mills, P.A. by W. Erwin Spainhour for plaintiff-appellee.*

*Grant & Hastings, P.A., by Randell F. Hastings for defendant-appellant.*

VAUGHN, Chief Judge.

The sole issue on appeal is whether the lack of registration of Burris' power of attorney invalidates his authority to sign his wife's name on the promissory note to plaintiff. If such signature was unauthorized, defendant contends that Melanie Burris is not liable on the debt, and that defendant, therefore, as guarantor of a joint debt, is not liable either. We affirm the trial court order granting plaintiff summary judgment. We hold that Burris had authority to sign his wife's name on the note, and that, therefore, defendant is liable for the full amount of the debt.

A power of attorney is an instrument in writing granting power in an agent to transact business for his principal. *NCNB v. Hammond,* 298 N.C. 703, 260 S.E. 2d 617 (1979); *Howard v. Boyce,* 266 N.C. 572, 146 S.E. 2d 828 (1966). Melanie Burris executed a written power of attorney in 1979 which gave her husband authority to sign her name on the June 6, 1980, promissory note to plaintiff.

Although G.S. 47-115.1(d) states that "no power of attorney executed pursuant to the provisions of this section shall be valid but from the time of registration thereof in the office of the register of deeds . . ." and although Melanie Burris' power of attorney specifically incorporated G.S. 47-115.1, we interpret the recording provision to apply only in cases where a competent

principal later becomes incompetent. If the principal is competent, as was Melanie Burris, then a power of attorney, if in writing, is effective without the necessity of recordation. *NCNB v. Hammond, supra; see O'Grady v. First Union National Bank,* 35 N.C. App. 315, 241 S.E. 2d 375, *reversed,* 296 N.C. 212, 250 S.E. 2d 587 (1978). In *Hammond,* the Supreme Court stated: "G.S. 47-115.1 codifies a particular subset of powers of attorney—those powers of attorney which may be continued in effect in the event of incapacity or mental incompetence of the principal . . ." 298 N.C. at 713, 260 S.E. 2d at 624, 625. The purpose of G.S. 47-115.1 is to render a power of attorney, executed by a competent principal, effective, notwithstanding the later incompetence of the principal. *See* Act of May 3, 1961, ch. 341, 1961 N.C. Laws 501.

G.S. 47-115 states: "Any instrument, in writing, executed by an attorney-in-fact, shall be good and valid as the instrument of the principal . . ." Since the power of attorney, executed in 1979, was in writing, and since Melanie Burris was competent in 1979 and in 1980, when the promissory note was executed, Melanie Burris is liable for the debt as if she had signed the note herself.

Pursuant to G.S. 25-3-401, individuals are liable on an instrument if their signatures appear thereon. The Burris' signatures appeared on the promissory note, and, thus, they were jointly liable for the debt when they filed for bankruptcy on March 5, 1981.

Defendant contracted to pay the full amount of the debt in the event of bankruptcy of the primary debtor. Pursuant to his contract and pursuant to G.S. 25-3-416, which provides that a guarantor becomes absolutely liable upon default, defendant is liable to plaintiff for the full amount of the debt. We therefore affirm the order entering summary judgment in favor of plaintiff.

Affirmed.

Judges HILL and BECTON concur.