Taylor, Judge.
 

 First, a deed made since the statute of uses, is not to be construed by the same rules of interpretation as were applied to deeds before that statute. If a deed now gives an estate to a woman for her life or widowhood, she is not to take the estate which is most beneficial but to hold during her widowhood only; the nonsuit which is moved would therefore be improper; for the widow, though aliye, has determined her estate and widowhood by marriage.
 

 Seondly, incertainty in a deed will invalidate it; but it must be such an uncertainty as makes it impossible to tell what estate is granted, or who is first to take.
 

 Thirdly, the assent of a grantee is to be pre-secured to a deed in his favor. Here J. Harrol made the deed under which the plaintiff claims an estate tail: there is no subscribing witness, but the grantor acknowledged it in court; and that is a proof of the assent of the grantee. Upon such acknowledgement it was recorded. The deed therefore is well enough notwithstanding the objection.
 

 Fourthly, the estate is limited by this deed
 
 to heirs of the body-,
 
 and though afterwards it gives power to the tenant in tail, to sell
 
 *235
 
 to any of his brothers, it is not to be taken that this clause is to influence the former, but it rmu t be rej -cted as repugnant.
 
 *
 

 Fifthly, this deed was executed in
 
 1751 ;
 
 the de< d to the grantor was in 17-17; which, for want of the examination of the feme Govert, who was the owner and proprietor, was not at first Wi’id ; and therefore it is urged, that he had not an estate out of which he could create an estate tail. It is in proof that he and his son mads tenant in tail, continued in possession more than seven years : and that is ni’Sciently confh matory of his estate, to make good the estate taih
 

 *
 

 Vide
 
 Alston’s executors
 
 m.
 
 Jones. And why not continue it as you continue deeds to uses, or an estate for life or widowhood ; vhat is to say, so as to effectuate the partied meaning ? If so, he certainly meant an estate which the party could sell ; and why lean in favor of a perpetuity when the meaning will give c fee?