## J. M. ROBESON *v.* DAVID LEWIS.

The Supreme Court may allow an appellant to substitute a sufficient, for an insufficient, appeal bond, after a motion by the appellant to dismiss the appeal for such defect.

(Attention called to the provisions in regard to appeal bonds, in the C. C. P. sec. 303, as affected by sec. 309.)

A description in a deed of the lands therein conveyed, as "752 acres of land, including the land I now live on, and adjoining the same," is too vague to convey more than the lands *lived on;* and, in a case where the grantor owned much more than 752 acres of land "adjoining," cannot be aided by *parol evidence* of what was the specific land intended to be conveyed.

Where a grantor (defendant) testified without objection, as to what was *his intention* in using the terms of description applied to the land in the deed, and upon cross-examination denied that he had ever said the contrary ; the plaintiff was allowed, after objection, to prove that he had previously said the contrary : *Held,* that it was error to allow any part of this testimony, even that unobjected to, to go to the jury ; *what is a muniment of title, being a matter of law, simply.*

(*D. & D. Institution* v. *Norwood,* Bus. Eq. 65 ; *Proctor* v. *Pool,* 4 Dev. 370 ; *Carson* v. *Ray,* 7 Jon. 609 ; *Waugh* v. *Richardson,* 8 Ire 470 ; *Edmundson* v. *Hooks,* 11 Ire. 373 ; *McCormick* v. *Munroe,* 1 Jon. 13 ; and *Melton* v. *Monday, ante* 295, approved.)

Civil action to recover possession of land, &c., tried before *Russell, J.,* at Spring Term 1870 of Bladen Court. The complaint demanded possession of land described by

metes and bounds as one tract " containing 752 acres, more or less." The answer set forth, that at the time of making the deed, the defendant understood that he was conveying the 60 acres on which he lived, and also *the Davis* tract, of 300 acres, and 392 acres of *the Norman* tract; and not the land described in the complaint.

The plaintiff made title by a deed from the defendant to one Cromartie, who had afterwards conveyed to him. In that deed the land was described thus: " also 752 acres of land, including the lands I now live on, and adjoining the same." For the purpose of identifying the lands thus described, the plaintiff offered parol evidence showing that the defendant, (the grantor) when the deed was executed, resided on a certain tract, and that the tracts specified in the complaint (including this tract) corresponded in number of acres with the quantity called for by the deed. The defendant objected to this evidence, but it was admitted by the Court.

The defendant then was introduced as a witness for himself, and testified that he had not intended to convey the land claimed by the plaintiff, but other land, which he described. This testimony was not objected to by the plaintiff. Upon cross-examination the plaintiff asked the defendant if he had not made certain declarations inconsistent with his present testimony, amongst others, that he had intended to convey the lands as claimed by the plaintiff. The defendant answered that he had not. Thereupon the plaintiff offered evidence showing that the defendant had made such declarations. To this the defendant objected, but it was admitted by the Court.

Verdict for the plaintiff; Judgment accordingly; the defendant appealed.

*Leitch* and *N. A. McLean*, for the appellant.
*F. H. Busbee, contra.*

22

736 IN THE SUPREME COURT.

RODMAN, J. In this case, the appellant did not execute an undertaking for the costs of the appellee to a sum not exceeding five hundred dollars, as required by C. C. P., sec. 303, but executed a bond in the penalty of one hundred dollars. The plaintiff moved to dismiss the appeal on this ground; and the defendant moved to be allowed to file a proper undertaking, *nunc pro tunc.* Under the general power of the Court to amend any proceeding, we allowed the latter motion, and the required undertaking having been given, there remains no ground for that of the plaintiff. It would seem that the attention of the profession has not been directed to the requirement of section 309, C. C. P., which requires, that when an appeal is taken with the effect of vacating the judgment appealed from, a copy of the undertaking, with the names and residence of the sureties, shall be served on the adverse party, with the notice of the appeal. This provision is not made expressly to apply to an undertaking for the costs only, under section 303, but the two cases seem to stand on the same principle. Of course, in both cases, the time for giving the undertaking may be enlarged by order of the Judge.

As to the questions of evidence: The plaintiff claimed through one Cromartie, to whom the defendant had conveyed lands by the following description: "also seven hundred and fifty-two acres of land, including the lands I now live on, and adjoining the same." It was conceded that the piece of land on which the defendant was living at the date of the deed, passed by it; this piece, however, was only part of that claimed by the complaint. In order to show his title to the residue, the plaintiff was allowed "to introduce parol evidence, showing that the defendant resided on one certain tract at the time of the execution of the deed, and that the tracts described in the complaint, added to this tract, corresponded, as to the number of acres, with the quantity called

for by the deed." It does not appear that any other evi-dence was introduced tending to make certain the very uncertain description in the deed. The principles respecting the use of parol evidence to explain an uncertain description in a deed, are familiar, and are very clearly set forth in 1 *Green. Ev. sec.* 286, *et seq;* and in proposition VII, of V. C. Wigram, cited in the note to section 287; and in *The Deaf and Dumb Institution* v. *Norwood,* Bus. Eq. 65. It is always admissible for the purpose of applying the description to the subject matter : For example, in this case, to show what lands the grantor *lived on* ; and if he had said " *all* my lands adjoining the piece I live on," evidence might have been offered to show what lands he owned *adjoining*. It is always competent, by evidence, to enable the Court to occupy the point of view of the grantor with respect to the property which it may be alleged was conveyed ; and for this purpose, it may sometimes be important to prove the quantity of a particular tract. The Court say, in *Proctor* v. *Pool,* 4 Dev. 370, " Quantity is not generally descriptive, though it may be so, as, if a person own two lots, one of half an acre, and the other of an acre, and grant his acre lot, the larger lot will pass, though a few feet more or less than an acre." If, therefore, the plaintiff in this case had proved that the de-fendant owned land adjoining his residence, which, with the residence piece, contained less than 752 acres, or just that quantity, or but a trifling excess, such proof might be suffi-cient to show that the grantor intended to convey all his lands adjoining his residence : *Carson* v. *Ray,* 7 Jon. 609. But if the quantity is considerably in excess, what is there in the deed to show whereabouts in the larger body the 752 acres is to lie. Is it to join the residence piece on the North, or the South ? Is it to be in the shape of a square, or a circle, or a triangle ? It is not necessary to say, that there can be no evidence by which the land can be identified

under such circumstances, but we cannot readily imagine any. His Honor erred in permitting mere evidence of quantity to go to the jury, as sufficient by itself to enable them to identify the land. In the case supposed, of the grantor owning considerably more than 752 acres, we think the Court should have told the jury, that the description was too vague, and uncertain to pass any thing: *Edmundson* v. *Hooks*, 11 Ire. 373. In *Waugh* v. *Richardson*, 8 Ire. 470, and *McCormick* v. *Monroe*, 1 Jon. 13, it was held that mere quantity is not a certain description. These cases are cited and distinguished in the late case of *Melton* v. *Monday*, *ante* 295.

II. The defendant should not have been allowed to prove what it was his intention to convey by the deed; 1 *Green. Ev. sec.* 277. If a solemn conveyance of land can be interpreted, added to, or diminished, by the secret intentions of the grantor, or by his parol declarations afterwards, it will be anything but a muniment of title. The intention is to be ascertained from the deed, and, with certain exceptions stated in the text books, it is a question of law, for the Court. It is true that the defendant in this case did not object to the evidence, but this could not authorize its admission. It related to a matter which it was not for the jury to decide, and could legally have no weight whatever, in the case. Consequently, the counter evidence of the plaintiff as to the declarations of the defendant, was inadmissible.

The judgment below is reversed, and there must be a *venire de novo*. Let this Opinion be certified.

PER CURIAM.                                    *Venire de novo.*