STEPHEN HENLEY v. J. C. WILSON and others.

*Color of Title—Description of Land—Judge's Charge—Trespass on Land—Plaintiff contributing to enhance injury.*

1. When on the trial below, the court charged that a will devising "all my lands on both sides of Haw river in Chatham county, and all the mills and appurtenances and improvements thereto, said property being known as the McClenahan mills" was color of title, provided the jury found that the tract of land was well known throughout the county by the name used in the will and its metes and bounds were all ascertained, visible and known, and that the plaintiff, and those under whom he claims have been in actual adverse possession, &c. *Held*, not to be error.

2. *Held further*, that in such case, the qualification in the charge "provided the jury find that the tract of land was well known throughout the county by the name used in the will" was unnecessary.

3. In an action for damages for trespass upon land, the fact that the plaintiff contributed to enhance the injury occasioned by the wrongful act of the defendant does not excuse the defendant although it may go in mitigation of damages.

(*Smith* v. *Low*, 2 Ire., 457; *Simmons* v. *Spruill*, 3 Jones' Eq., 9; *Moses* v. *Peak*, 3 Jones, 520; *Proctor* v. *Pool*, 4 Dev., 370; *Ritter* v. *Barrett*, 4 Dev. and Bat., 133; *Kitchen* v. *Herring*, 7 Ire. Eq., 190; *Carson* v. *Ray*, 7 Jones, 609, cited and approved.)

CIVIL ACTION for Damages for Trespass on Land tried at Fall Term, 1878, of CHATHAM Superior Court, before *Kerr, J.*

The facts are stated in the opinion. Judgment for plaintiff, appeal by defendant. See same case, 77 N. C, 216.

*Messrs. John Manning* and *J. B. Batchelor*, for plaintiff.
*Messrs. J. M. Moring* and *E. S. Parker*, for defendants.

ASHE, J. The plaintiff and defendants both claim title to the land in dispute from H. J. Stone. The plaintiff in support of his title offered in evidence the following deeds: A deed from H. J. Stone to one McClennahan bearing date the

9th of November, 1848; a deed from Stone to plaintiff, dated 19th of March, 1877; and a deed from McClennahan to Mary Taylor, dated 24th of May, 1852; and introduced in evidence the last will and testament of Mary Taylor in which was a devise to W. P. Taylor and John W. Taylor, as follows: "I give to my son, William P. Taylor, and my grandson, John W. Taylor, to them and their heirs, all my land on both sides of Haw river, in Chatham county, and all the mills and appurtenances and improvements belonging thereto, said property being known as the McClennahan mills"; and mesne conveyances from W. P. and J. W. Taylor down to the plaintiff.

The plaintiff then offered evidence showing that Mrs. Mary Taylor and McClennahan both died in the year 1859; that the tract of land in controversy was known throughout the county as the "McClennahan mills tract"; that its metes and bounds were well known and visible; that the plaintiff and those under whom he claimed had been in the adverse possession of the same from the 9th of November, 1848, until the institution of this action; and offered proof as to the damages.

The defendants insisted that the deed from McClennahan to Mrs. Mary Taylor and the devise in her will to W. P. and J. W. Taylor were too indefinite to operate as color of title, and asked His Honor so to charge. They then introduced evidence to show that there were certain sluices making across the island below the dams of the plaintiff, and that the plaintiff by damming these sluices had contributed to his own injury. His Honor refused to give the instruction and the defendants excepted.

The court then charged the jury that supposing the deed from McClennahan to Mary Taylor was too indefinite in the boundaries, still the devise in the will of Mary Taylor was color of title, provided they should find that the tract of land was well known throughout the county by the name used.

in the will, and its metes and bounds were all ascertained, visible and known, and that the plaintiff and those under whom he claims had been in the actual adverse possession of the tract of land up to these boundaries for seven years from the death of Mary Taylor, excluding the time from the 20th of May, 1861, to the 1st of January, 1870.

The court further charged the jury that the doctrine of contributory negligence did not apply to this case.

Of the several issues submitted to the jury, only the fifth, seventh and eighth are material to our inquiry in the view we take of the case; for the only questions for our consideration are, whether the will of Mrs. Taylor is color of title, and whether the doctrine of contributory negligence applies to the case. [The issues alluded to are, 5: " Has Henley and those under whom he claims been in continuous adverse possession, by known metes and bounds, of the land in dispute under color of title, seven years next preceding the 25th of July, 1876?" Ans.—" We find they have been." 7. " Did the defendants trespass upon the plaintiff's land? " Ans.—" We find that they did." 8. " If so, what is the damage?" Ans.—" One penny."]

We think there was no error in the instructions given by His Honor, "that the will of Mary Taylor was color title," with the qualifications superadded. The jury did not respond to this instruction in so many words, but they did respond affirmatively to the fifth issue which was intended to cover the instruction by finding that the plaintiff and those under whom he claims had been in the continuous adverse possession, by known metes and bounds, of the land in dispute *under color of title* for seven years next preceding the 25th of July, 1876. And when they found the plaintiff held *under color of title* under the instructions of the court, it was equivalent to finding that the land was well known by the name used in the will; and when they also found that its metes and bounds were all ascertained, visible and

known, the qualifications in the charge were fully met. That there was no error in the instructions given to the jury upon this point, we refer to the case of *Smith* v. *Low*, 2 Ire., 457, where the question was, whether the description of land levied upon as "the home place," "the Lynn place," "the Leonard Greeson place," was sufficient. The court held it was, and Chief Justice RUFFIN who delivered the opinion, said: "The name of a place, like that of a man, may and does serve to identify it to the apprehension of more persons, than a description by coterminous lands and water-courses, and with equal certainty. For example, 'Mount Vernon, the late residence of General Washington,' is better known by that name, than by a description of it, as situate on the Potomac river and adjoining the lands of A, B and C. Frequently, indeed, the name of a place by which it is well known to those who know it at all over-rules a further and mistaken description." To the same effect is *Simmons* v. *Spruill*, 3 Jones Eq., 9. See also *Moses* v. *Peak*, 3 Jones, 520; *Proctor* v. *Pool*, 4 Dev. 370; *Ritter* v. *Barrett*, 4 Dev. & Bat., 133, and *Kitchen* v. *Herring*, 7 Ire. Eq., 190.

The charge of His Honor we think would not have been erroneous if it had entirely omitted the qualification, "pro-vided they should find that the tract of land was well known throughout the county by the name used in the will." The description then would have been all *my* land on both sides of Haw river, and all the mills, appurtenances and improvements belonging thereto; and as it does not appear from the will, or other source, that Mary Taylor had any other land on Haw river, and there was a mill situate on this tract, and it had known and visible boundaries, the description would be sufficiently definite to identify the land. All *my* land on both sides of Haw river, is as definite, as *my* house and lot in the town of ............; or, "the land on which I live;" or, the land of which A died seized and

possessed, which no doubt would be good. *Carson* v. *Ray*, 7 Jones, 609. But the further description in the will of the mills being thereon, and the metes and bounds being known and visible, make the description more definite, and in fact amounting to a certainty.

As to the exception to the ruling of His Honor upon the instruction asked as to the contributory injury : If the plaintiff by damming the sluices increased the flow of water upon the wheels of his mill, and thereby contributed to enhance the injury occasioned by the wrongful act of the defendants, it could not excuse them for their trespass upon the plaintiff's land, though it might go in mitigation of damages. There is no error. Let this be certified, &c.

No error.                                    Affirmed.