C. B. PATE AND WIFE v. SAMPSON LUMBER COMPANY.

(Filed 18 March, 1914.)

1. Deeds and Conveyances—Parol Evidence—Partnership Lands.

Where each member of a partnership conveys all of his right, title, and interest in and to all assets and lands of the partnership, or to all the assets and property of the firm, it is sufficient, under the doctrine of *"id certum est quod certum reddi potest,"* to admit of parol evidence, in an action involving title to lands, to show that the *locus in quo* was owned by the partnership, and to pass the title to the grantee in the deed when it is so established.

2. Reformation—Deeds and Conveyances—Pleadings—Evidence.

In order to reform a deed to lands upon the ground of mutual mistake or fraud, the proper allegations should be made in the pleading, or evidence thereof is inadmissible.

3. Statute of Frauds—Deeds and Conveyances—Parol Evidence—Trials—Questions for Court.

Where a deed, expressed in unambiguous language, purports to convey the whole of certain lands, parol evidence that it was the grantor's intention to only convey a part thereof is inadmissible, the construction of the deed as to its meaning and purport being a question of law for the court.

APPEAL by plaintiffs from *O. H. Allen, J.,* at August Term, 1913, of SAMPSON.

This was a civil action to recover possession of a tract of 30 acres of land in Sampson County, N. C., now held by the defendant.

At the close of the evidence his Honor held that upon the record of evidence of title the plaintiffs were not entitled to recover, and rendered judgment in favor of the defendant. The plaintiffs appealed.

*Fowler & Crumpler, E. G. Davis for plaintiffs.*
*Rose & Rose for defendant.*

BROWN, J. It is admitted that the *locus in quo,* the 30-acre tract, was owned by one Sessoms, who conveyed it on 4 January, 1906, to C. B. Pate and B. C. Hall, who owned it as co-

partners. The latter afterwards conveyed his interest to Pate.

It is admitted that the defendant claims title by virtue of a deed executed by R. W. Massie and A. N. Pierce on 2 January, 1912, and that Massie and Pierce claim title by virtue of certain conveyances by plaintiff C. B. Pate and also by a deed from B. C. Hall, both dated 4 January, 1908.

It is stated in the brief of the learned counsel for the plaintiffs: "It seems to us that the main question presented by this appeal is as to whether or not the description contained in the paper-writing executed by C. B. Pate to the firm of Massey & Pierce is sufficiently definite to pass title to the 30-acre tract of land in dispute; or as to whether or not the said description is sufficiently definite as to permit the defendant to offer parol evidence in attempting to locate the lands therein conveyed, in so far as it affects the 30 acres in dispute between the parties."

It appears in the record that in a settlement had between C. B. Pate, the plaintiff, and his partner, B. C. Hall, with a firm of Massie & Pierce, they executed certain conveyances for all the property of the former firm of "Pate & Hall," and "C. B. Pate & Co." In Pate's conveyance he conveys to Massie & Pierce "all my right, title, and interest in and to all of the assets *and lands,* and all property of every kind and description . . . wherever located, heretofore owned by the firm of Pate & Hall and C. B. Pate & Co., either or both."

In Hall's conveyance these words are used: "all my right, title, and interest in and to all of the assets of every kind and description, and in all *property* of every kind and description . . . and their assets, heretofore owned by said Pate & Hall."

His Honor being of the opinion that both Pate and Hall had by these conveyances parted with all their interests in the *locus in quo,* sustained the defendant's motion for judgment at the close of all the evidence.

We agree with his Honor that the description in the two conveyances is sufficient to pass the entire interests of C. B. Pate and B. C. Hall to all the lands and property of every kind and description "heretofore owned by the firm of Pate & Hall, and C. B. Pate & Co., either or both."

If Pate's deed conveyed his interests to Massie & Pierce, then the defendant is entitled to such interests as he had at the date of his conveyance, 4 January, 1908; and the same is true of B. C. Hall's conveyance of the same date. Such being the case, then B. C. Hall and wife had no interest in the 30 acres when he attempted to make a conveyance to C. B. Pate by deed dated 28 January, 1911, as any interest Hall had in the land had already passed to Massie & Pierce.

The deeds are not void for uncertainty. *Id certum est quod certum reddi potest.* What lands, property, assets, or the interests therein, Pate & Hall had on 4 January, 1908, could easily be ascertained from the records and from the property which they actually had in possession or under their control. And it appears that on the date named Pate & Hall did have a deed duly executed to C. B. Pate and B. Colin Hall for the particular 30 acres in dispute.

There are many cases which hold that the description in these deeds is not void for uncertainty, but is sufficient to convey the grantor's right, title, and interest in all the lands coming properly within the terms of the instrument.

In Words and Phrases Judicially Defined, vol. 1, under the word "All," there are many citations sustaining the defendant's contention. The phrases: "All my land," "All my property," "All my real or personal estate and property," each, receive their share of sustaining citations, too numerous to mention.

The case of *Moayon v. Moayon,* 60 L. R. A., 415, is a well considered case by the Kentucky Court of Appeals, and in that case the Court holds that a contract to convey "one-third of all the grantor's estate, real, personal, or mixed, of whatever kind or nature, belonging to him in his own right, which he acquired under the will of his mother, as well as all the other estate otherwise acquired and now owned by him," is binding. See numerous citations on page 423. There are numerous cases in this State which bear out the same construction.

Power of attorney to sell and convey "all of our land in the State of North Carolina" is sufficient description. *Janney v. Robbins,* 141 N. C., 400.

"All my lands on both sides of Haw River, in Chatham County." Also "the land of which A. died seized and possessed." *Henley v. Wilson*, 81 N. C., 405.

"A conveyance of 'all the property I possess,' where there is no apparent motive for making an exception, conveys all property the party owned." *Brantley v. Kee*, 58 N. C., 332.

Designation of land by the name it is called by is sufficient description to enable 'its location to be determined by parol proof. *Euliss v. McAdams*, 108 N. C., 507; *Farmer v. Batts*, 83 N. C., 387; *Carson v. Ray*, 52 N. C., 609; *Robeson v. Lewis*, 64 N. C., 734.

The plaintiffs offered certain parol evidence for the purpose of proving that at the time the conveyances to Massie & Pierce were made it was not the intention of the parties to include the 30-acre tract. His Honor excluded it, and the plaintiffs assign the ruling as error.

It is unnecessary to consider whether such evidence would be competent in an equitable proceeding against this defendant to reform the deeds upon the ground of mutual mistake or fraud. The pleadings contain no such allegations, .and ask for no such relief. *Britton v. Insurance Co., ante,* 149.

In the absence of proper allegations as a basis for reforming a deed, such evidence is uniformly held to be incompetent. *Britton v. Insurance Co., supra,* ·and cases therein cited.

It is elementary that the terms of a written instrument cannot be contradicted by parol evidence. The descriptive words of these deeds are ordinary words of everyday use, and not in the least ambiguous. Their meaning and what they purport are matters of construction for the court, and are not open to explanation by witnesses as to what the parties to the deeds intended.

In *Robeson v. Lewis, supra,* it is said: "The defendant should not have been allowed to prove what it was his intention to convey by the deed. 1 Greenleaf Ev., sec. 277.

"If a solemn conveyance of land can be interpreted, added to, or diminished by the secret intentions of the grantor, or by his parol declarations afterwards, it will be anything but a muni-

ment of title. The intention is to be ascertained from the deed, and with certain exceptions stated in the text-books, it is a question of law for the court."

The judgment of the Superior Court is
Affirmed.