PENELOPE BADHAM OVERTON, AND ALEXANDER BADHAM (ORIGINAL PLAINTIFFS); ROBERT BEMBRY, ADMINISTRATOR OF PENELOPE BADHAM OVERTON AND ROBERT BEMBRY, ADMINISTRATOR OF ALEXANDER BADHAM V. A. C. BOYCE, SOMETIMES KNOWN AS LONNIE BOYCE (ORIGINAL DEFENDANT); CELIA U. BOYCE, WIDOW OF A. C. BOYCE; AND CELIA U. BOYCE AND NAOMI E. MORRIS, EXECUTRICES OF A. C. BOYCE

No. 751SC261

(Filed 6 August 1975)

1. **Frauds, Statute of § 2; Boundaries § 10— patent and latent ambiguity in description**

   A description in a deed which leaves the identity of the land absolutely uncertain and refers to nothing extrinsic by which it might possibly be identified with certainty is patently ambiguous and may not be aided by parol evidence; a description which is insufficient in itself to identify the property but which refers to something extrinsic by which identification might possibly be made is latently ambiguous, and extrinsic parol and other evidence may be offered to identify the property.

2. **Boundaries § 10— latently ambiguous description**

   A deed conveying a "tract of Pocosin Land adjoining the lands of the late Henderson Luton & others, containing, by estimation, Three Hundred and Nineteen Acres" contains only a latently ambiguous description; therefore, plaintiff may offer extrinsic evidence to identify the land, and defendants may offer such evidence to show impossibility of identification.

APPEAL by plaintiffs from *Cowper, Judge.* Judgment entered 19 December 1974 in Superior Court, CHOWAN County. Heard in the Court of Appeals 28 May 1975.

The original plaintiffs, Penelope Badham Overton and Alexander Badham, instituted this action on 26 February 1965 to remove cloud from title to a tract of land described as follows:

"A certain tract of pocosin land adjoining the lands of the late Henderson Luton and others, lying and being in Chowan County, and State of North Carolina, containing by estimation three hundred nineteen (319) acres, more or less, and being the same land conveyed to Hannibal Badham, Sr., by H. H. Page and wife by deed and duly recorded in Chowan County Registry in Book B, Page 198."

These plaintiffs were named parties plaintiff, along with others who claimed to be owners of the lands as heirs of Hannibal Badham, deceased, in a similar action against defendant, A.

Overton v. Boyce

C. Boyce which was brought on 2 April 1959. That action was terminated in *Overton v. Boyce*, 252 N.C. 63, 112 S.E. 2d 727 (1960) wherein it was held that a consent judgment entered 13 July 1945 by agreement of the parties was a judgment on the merits barring any other action for the same cause. However, these plaintiffs and some of the other heirs, had the consent judgment set aside as to them. See *Howard v. Boyce*, 254 N.C. 255, 118 S.E. 2d 897 (1961), and 255 N.C. 712, 122 S.E. 2d 601 (1961). Thereupon, these plaintiffs brought this action; and the other heirs, not bound by the consent judgment of 13 July 1945, brought a separate action by an attorney-in-fact, which was dismissed on the grounds that the attorney-in-fact was not a real party in interest. See *Howard v. Boyce*, 266 N.C. 572, 146 S.E. 2d 828 (1966). These other heirs have since brought action in their own names *(Howard v. Boyce*, No. 751SC121) and both actions are in this Court on separate appeals.

In this action defendants moved for summary judgment, and in support of their motion submitted the following: (1) deed from H. H. Page and wife to Hannibal Badham dated 30 December, 1899, duly recorded in the Registry of Chowan County; (2) four deeds to Henderson Luten, dated in the years of 1722, 1725, 1785, and 1793, all conveying lands in Chowan County; and the affidavit of W. J. Berryman, now deceased, averring in substance that in 1940 he made surveys in an attempt to locate the 319-acre Badham tract on the ground but was unable to do so.

In reply, plaintiff administrator, both parties plaintiff having died since the action was brought, referred to two recorded survey maps, one dated 19 January 1932 and the other 28 April 1962, purporting to be maps of the Hannibal Badham lands.

Examination of the two maps referred to by plaintiff and the map of W. J. Berryman offered by defendants of the W. S. White tract, now claimed by defendants, reveals overlapping claims in substantial part.

On 19 December 1974, the trial court granted summary judgment for the defendants finding in part as follows:

"8. That there is no reference in the deed described in the complaint nor the deed from Page to Badham, Book B-2, page 198, which would or does in any way indicate which

Henderson Luton tract it adjoined, if in fact, it did adjoin Henderson Luton land.

9. That in addition to the foregoing findings of fact, the Court finds that W. J. Berryman, now deceased, on the 22nd day of April 1961, filed an affidavit stating that on or about the 17th day of February, 1940, he surveyed a W. S. White tract of land in Chowan County; that at said time and on the ground, he made diligent efforts to locate a certain tract of pocosin land adjoining the lands of the late Henderson Luton and others containing by estimation 319 acres, and he was unable to locate said tract of land.

10. The Court finds that the description hereinbefore set out does not contain such a description or proper reference to something extrinsic by which the description can be made definite. It contains no courses and distances and no reference to any source by which evidence aliunde could identify the land. Chowan County is bordered on one side by Chowan River, another side by Albemarle Sound, another side by Perquimans County and on the North by Gates County. There is much swamp and pocosin land in Chowan County and one would have to resort to conjecture to tell which pocosin tract was intended or which Henderson Luton tract was intended and the description is therefore void."

From the above judgment, plaintiff appealed, whereupon counsel for plaintiff thereafter filed a proposed record on appeal to which counsel for defendants filed a number of exceptions. In an order dated 1 April 1975, the trial judge allowed all of defendants' exceptions to the proposed record and settled the said record for the appeal. Among other materials, the two survey maps offered by the plaintiffs were excluded.

Plaintiff thereupon filed a petition for certiorari for this Court to take notice of the materials stricken by the trial court from the record pursuant to defendants' exceptions, contending that the materials are necessary to a complete understanding of the petitioners' position on this appeal. Without going into the specific details of the allegations and materials stricken from the record, we have decided to take notice thereof for purposes of this opinion.

Further facts pertinent to the disposition of this case will be discussed in the opinion.

Overton v. Boyce

*Richard E. Powell and Samuel S. Mitchell for the plaintiffs.*

*Pritchett, Cooke & Burch by J. A. Pritchett, W. W. Pritchett, Jr., and W. L. Cooke for the defendants.*

CLARK, Judge.

Plaintiffs' claim of title is based on the deed from H. H. Page and wife to Hannibal Badham, dated 30 December 1899, in which the subject lands are described as follows:

" . . . A certain tract of Pocosin Land adjoining the lands of the late Henderson Luton & others, containing, by estimation, Three Hundred and Nineteen Acres."

[1] This description is ambiguous. A deed is a contract which must meet the requirements of the statute of frauds (G.S. 22-2). The crucial issue here is whether the ambiguity is patent or latent. There is a patent ambiguity when the deed leaves the land in a state of absolute uncertainty and refers to nothing extrinsic by which it might possibly be identified with certainty. When the description is patently ambiguous, parol evidence is not admissible to aid it. There is a latent ambiguity if it is insufficient in itself to identify the property but refers to something extrinsic by which identification might possibly be made. In such case extrinsic evidence, parol and other, may be offered with reference to such extrinsic matter tending to identify the property. *Lane v. Coe,* 262 N.C. 8, 136 S.E. 2d 269 (1964).

An extended examination of the many cases on the subject of the sufficiency of the description takes us back to *Pearse v. Owens,* 3 N.C. 234 (1803). Cases on the subject have been compiled in *Lane v. Coe, supra; Peel v. Calais,* 224 N.C. 421, 31 S.E. 2d 440 (1944) ; *Hodges v. Stewart,* 218 N.C. 290, 10 S.E. 2d 723 (1940) ; and *Perry v. Scott,* 109 N.C. 374, 14 S.E. 294 (1891). More recent cases are *State v. Brooks,* 279 N.C. 45, 181 S.E. 2d 553 (1971) ; *Carlton v. Anderson,* 276 N.C. 564, 173 S.E. 2d 783 (1970) ; and *Barringer v. Weathington,* 11 N.C. App. 618, 182 S.E. 2d 239 (1971).

All of the cases on the subject cannot be reconciled. In *Carlton v. Anderson, supra,* at 565, Justice Higgins stated: "Some descriptions are so precise and definite as to leave no doubt about their sufficiency. Others are so vague and indefinite as to leave no doubt as to their insufficiency. Somewhere between these extremes is a dividing line. Near the line on

either side is a twilight zone where the court must decide on which side a contested description falls. Trouble arises in the borderline cases."

Generalizations are difficult to make. However, the decisions, taken collectively, warrant the conclusion that a deed is void for uncertainty where it purports to convey part of a larger tract but there is an absence of any indication of intent to convey a specific part of the tract. See *State v. Brooks, supra; Carlton v. Anderson, supra; Cathey v. Lumber Company,* 151 N.C. 592, 66 S.E. 580 (1909) ; *Smith v. Proctor,* 139 N.C. 314, 51 S.E. 889 (1905) ; and *Robeson v. Lewis,* 64 N.C. 734 (1870).

But where a deed purports to convey an entire tract and the description, though ambiguous and uncertain, points to some source from which extrinsic evidence may be used to make the description complete, the courts have held the deed to be sufficiently definite. Under *Lane v. Coe, supra,* for the plaintiff to maintain his action, the deed description must refer to something extrinsic by which identification *might possibly be made;* then, having cleared this hurdle, the plaintiff has the burden of proving the identity of the land with certainty. In *Stewart v. Cary,* 220 N.C. 214, 17 S.E. 2d 29 (1941), the description in the deed "also the tract on Indian Camp Branch known as the Hamlin Tract" was held sufficiently definite, and Justice Winborne (later Chief Justice) in his opinion for the court listed numerous causes in which the court held the deed descriptions to be sufficient. In *Perry v. Scott, supra,* the deed description, somewhat similar to that in the subject case, was "lying and being in the county of Jones, bounded as follows, to wit: On the south side of the Trent River, adjoining the lands of Colgrove, McDaniel and others, containing three hundred and sixty acres, more or less." The court held that the description was not so vague and indefinite as to exclude the introduction of parol evidence to fit it to the land.

[2]   In view of the finding by the trial court in granting summary judgment under G.S. 1A-1, Rule 56, that the description is not sufficient and does not contain a "proper reference to something extrinsic by which the description can be made definite," it appears that the court ruled that the deed description was patently ambiguous. If so, we do not agree with the finding.

However, it further appears that the court in granting summary judgment relied heavily on the four deeds to Hender-

Overton v. Boyce

son Luten, the Berryman affidavit, and other extrinsic evidence offered by defendants, which could be interpreted as a finding of latent ambiguity. If so, it was the duty of the defendant, having made the motion, to establish by extraneous materials, admissible in evidence, that the land could not by extrinsic evidence be identified. In this regard, it is noted that the four deeds to Henderson Luten were dated more than 100 years earlier than the subject deed in 1899 to Hannibal Badham; it is not established that Luten owned one or more of the tracts at the time of his death before the deed was made in 1899 to Badham, nor that the four tracts comprise one integrated tract. Further, since it is obvious that the plaintiffs' land could not be identified from the deed description alone and that extrinsic evidence must be used to do so, this alone would make inadmissible the Berryman affidavit and the two maps offered by plaintiff without some authenticating information as to what extrinsic evidence, if any, was considered in determining whether the subject land could be identified.

We find that the summary judgment was improvidently entered and erroneously disposed of a genuine issue of fact, *i.e.*, the identity of the land. At trial the plaintiff may offer extrinsic evidence to identify the land, and the defendants may offer such evidence with reference thereto tending to show impossibility of identification.

The summary judgment of the trial court is reversed and this cause remanded.

Judges MARTIN and ARNOLD concur.