FRANCES BADHAM HOWARD, FANNIE BADHAM, BESSIE B. SMALL, SIDNEY BADHAM, MILES BADHAM, PENELOPE OVERTON, ALEXANDER BADHAM, CHARITY BADHAM, CHARLES BADHAM, PAULINE B. TURNER, FRANK BADHAM, SADIE B. HAWKINS, JAMES BADHAM, AND ALL OTHER HEIRS AT LAW OF HANNIBAL BADHAM, DECEASED, PETITIONERS v. LONNIE BOYCE (NOW DECEASED), ORIGINAL DEFENDANT, AND CELIA U. BOYCE, INDIVIDUALLY AND CELIA U. BOYCE AND NAOMI MORRIS, EXECUTRICES OF THE ESTATE OF A. C. BOYCE, SOMETIMES KNOWN AS LONNIE BOYCE, RESPONDENTS

No. 751SC121

(Filed 6 August 1975)

1. Equity § 2— laches — case in litigation

The trial court erred in holding that petitioners had lost their rights to set aside a 1945 judgment involving the property in question by laches on the theory that respondents were prejudiced because several of their witnesses have died since an action was filed in 1959 to remove cloud from title to the property where the case has been in litigation during various periods from 1959 to the present and no potential and material witnesses for respondents died during the time the case was not in litigation after 1959.

2. Equity § 2— laches — failure to eject respondent

Petitioners did not lose their right to set aside a 1945 consent judgment by laches in allowing respondent to remain in possession of the property from 1945 to 1959 without seeking to eject him where the record does not show that petitioners had knowledge that the 1945 judgment had been entered or that respondent was in possession of their property until 1959.

APPEAL by petitioners from *Copeland, Judge.* Order entered 14 November 1974 in Superior Court, CHOWAN County. Heard in the Court of Appeals 28 May 1975.

In 1944 an action was brought against Lonnie Boyce in the Superior Court of Chowan County by plaintiffs who were named in the complaint as the heirs of Hannibal Badham. It was alleged that plaintiffs were the owners of real property consisting of 319 acres and that defendant claimed an interest in the land. They sought to have the cloud removed from their title. On 13 July 1945 a consent judgment was entered dismissing the action as upon nonsuit. The judgment recited that the parties had settled all matters in controversy and that plaintiffs disclaimed any further interest in said controversy.

On 2 April 1959 Penelope Overton and others brought an action against Boyce to remove a cloud from their title to the 319 acres described in the action begun in 1944. Defendant pleaded the judgment rendered in the action begun in 1944. The trial judge held the plea in bar good, and dismissed the action. The Supreme Court affirmed. *Overton v. Boyce,* 252 N.C. 63, 112 S.E. 2d 727 (1960).

In 1960 Penelope Overton and Alexander Badham, two of the (named) plaintiffs in the 1944 action, filed motions in the original cause, seeking to set aside the 1945 judgment. The superior court denied the motions, and on appeal the Supreme Court found error and remanded. *Howard v. Boyce,* 254 N.C. 255, 118 S.E. 2d 897 (1961). On remand the superior court granted the motions, and on appeal the Supreme Court held that the judgment had been properly set aside as to Penelope Overton and Alexander Badham, but that it was still binding on the other parties who had not filed motions in the cause. *Howard v. Boyce,* 255 N.C. 712, 122 S.E. 2d 601 (1961).

On 4 March 1965 L. Joseph Overton, acting as attorney in fact for all plaintiffs in the 1944 action, except Penelope Overton and Alexander Badham, filed a motion in the cause to set aside the 1945 judgment. On appeal, the Supreme Court held on 2 March 1966 that the motion could not be made by an attorney in fact, but must be made by the plaintiffs personally. *Howard v. Boyce,* 266 N.C. 572, 146 S.E. 2d 828 (1966).

On 14 March 1966 six of the plaintiffs in the 1944 action, including Frances Badham Howard, filed motions in the cause to set aside the 1945 judgment. Three other plaintiffs filed similar motions in April 1966 and one in August 1966. Boyce died in 1969 and the present respondents were substituted for him.

Petitioners (movants) offered evidence tending to show that the 1944 action was brought by Frances Badham Howard, acting alone. She did not notify the other heirs of Hannibal Badham that she was bringing suit in their name. The case was settled in 1945 and she received a payment of $208.00 from Boyce. She did not pay any of this money to any of the other heirs, or contact any of the other heirs at any time while the 1944 action was in progress.

On 14 November 1974 the trial court entered an order denying the motions to set aside the judgment of 1945 on the

ground that movants had delayed too long in seeking to have it set aside which was prejudicial to respondents and that such action and delay on the part of movants constituted laches. From the entry of judgment petitioners (movants) appealed to this Court.

*Richard Powell and Samuel S. Mitchell, for petitioner appellants.*

*Pritchett, Cooke and Burch, by J. A. Pritchett, W. W. Pritchett, Jr., and W. L. Cooke, for respondent appellees.*

MARTIN, Judge.

[1] Petitioner appellants contend that the court erred in holding that they had lost their right to set aside the 1945 judgment because of laches. Laches has been defined as "the negligent omission for an unreasonable time to assert a right enforceable in equity." *Builders Supplies Co. v. Gainey*, 282 N.C. 261, 192 S.E. 2d 449 (1972). The trial court based its findings of laches on the theory that respondents had been prejudiced because since 1959, when the action was filed to remove the cloud from title, several of respondents' potential witnesses had died.

In *Howard v. Boyce*, 254 N.C. 255, 118 S.E. 2d 897 (1961), the Court held that "[o]n the question of laches the record before us shows nothing more than considerable lapse of time and is insufficient to support the finding 'that the movants have been guilty of laches and unreasonable delay.' "

During the periods from 2 April 1959 to 24 February 1960, from 4 March 1965 to 2 March 1966, and from 14 March 1966 to the present, this case has been in litigation, and it cannot be said that petitioners were negligently failing to assert their rights during these periods. Nor can it be argued that petitioners are guilty of laches by waiting twelve days to file their motions after the decision in *Howard v. Boyce*, 266 N.C. 572, 146 S.E. 2d 828, was filed 2 March 1966. As for the period from 24 February 1960 to 4 March 1965, it does not appear that any potential and material witnesses for respondents had died and, thus, no prejudice resulted from delay during that time period. There can be no finding of laches when the adverse party has not been prejudiced. *In re Miles*, 262 N.C. 647, 138 S.E. 2d 487 (1964) ; *East Side Builders v. Brown*, 234 N.C. 517, 67 S.E. 2d

489 (1951) ; *Hughes v. Oliver* and *Oliver v. Hughes,* 228 N.C. 680, 47 S.E. 2d 6 (1948). Except for petitioner Frances Badham Howard, the record does not support the court's finding that the action and delay of petitioners constitutes laches.

[2]    Respondents contend that petitioners are guilty of laches by allowing Boyce to remain in possession of the property from 1945 to 1959 without seeking to eject him. A person cannot be guilty of laches in failing to seek relief promptly when he does not know of his right or need for relief. *Speight v. Trust Co.,* 209 N.C. 563, 183 S.E. 734 (1936). The record does not show that petitioners, other than Frances Badham Howard, had knowledge that the 1945 judgment had been entered or that Boyce was in possession of their property until 1959. It is true, as respondents point out, that Penelope Overton consulted a lawyer about the case as early as 1951 and that L. Joseph Overton had been familiar with the property since 1945. However, they are not movants in this case.

For the reasons stated, the order of the superior court is affirmed as to Frances Badham Howard and reversed as to the other named movants.

Judges CLARK and ARNOLD concur.