FRANCES BADHAM HOWARD; FANNIE BADHAM; BESSIE B. SMALL; SIDNEY BADHAM; MILES BADHAM; PENELOPE OVERTON; ALEXANDER BADHAM; CHARITY BADHAM; CHARLES BADHAM; PAULINE B. TURNER; FRANK BADHAM; SADIE B. HAWKINS, JANIE BADHAM, AND ALL OTHER HEIRS AT LAW OF HANNIBAL BADHAM, DEC'D, PLAINTIFFS v. LONNIE BOYCE (NOW DECEASED), ORIGINAL DEFENDANT, AND CELIA U. BOYCE, INDIVIDUALLY AND CELIA U. BOYCE AND NAOMI MORRIS, EXECUTRIXES OF THE ESTATE OF A. C. BOYCE, SOMETIMES KNOWN AS LONNIE BOYCE, DEFENDANTS

No. 761SC789

(Filed 6 April 1977)

Judgments § 10; Rules of Civil Procedure § 56— consent judgment not set aside — entry of summary judgment

Where the present plaintiffs filed a motion in the cause in this action to remove cloud from title to set aside a 1945 consent judgment of nonsuit on the ground that they did not authorize institution of the action or entry of the consent judgment, but the 1945 consent judgment of nonsuit has never been set aside as to them, there was no pending action in which summary judgment could be entered for defendants.

APPEAL by movants, being certain persons named as plaintiffs, from *Peel, Judge.* Judgment entered 30 June 1976 in Superior Court, CHOWAN County. Heard in the Court of Appeals 9 March 1977.

This is an appeal from a summary judgment entered in favor of defendants. Facts pertinent to this appeal are stated in the opinion.

*Samuel S. Mitchell and Richard Powell for appellants.*

*Pritchett, Cooke & Burch by J. A. Pritchett and W. L. Cooke for defendant appellees.*

PARKER, Judge.

For a history of this case, reference is made to the opinion of this Court reported in *Howard v. Boyce,* 26 N.C. App. 686, 217 S.E. 2d 702 (1975). Insofar as pertinent to the question presented by the present appeal, the previous developments in this case may be summarized as follows:

This action was commenced in 1944 to remove cloud from title to real property. The caption of the complaint named Frances Bedham Howard and twelve other persons as plaintiffs. It was alleged in the complaint that plaintiffs were owners of a tract of land in Chowan County, having inherited the same from their grandfather, Hannibal Badham, who acquired title in 1889 by deed from H. H. Page and wife recorded in Chowan County Book "B," page 198; that Lonnie Boyce, the defendant, claimed an interest in the land adverse to plaintiffs; and that plaintiffs prayed judgment declaring them to be the fee simple owners of the property free from the adverse claim of the defendant. The complaint was verified on 24 October 1944 by Frances Badham Howard. The original defendant, Lonnie Boyce, filed answer. In 1945 a consent judgment was entered in which it was recited that all matters in controversy had been fully settled, that there did not exist any further dispute between the parties relative to ownership of the property described in the complaint, and that plaintiffs disclaimed any further interest in the controversy and desired that this action be nonsuited. Accordingly, in 1945 a consent judgment of nonsuit was entered.

In 1959 a new action to quiet title to the same land was commenced against the original defendant by Penelope Overton, Alexander Badham, and certain other parties who had been named as plaintiffs in the complaint filed in this action. The defendant pleaded the 1945 consent judgment as *res judicata,* and the plea in bar was sustained on appeal. *Overton v. Boyce,* 252 N.C. 63, 112 S.E. 2d 727 (1960).

Following the last cited decision, Penelope Overton and Alexander Badham, two of the persons named as plaintiffs in the

complaint filed in 1944 in this action, filed motions in this cause to set aside the 1945 consent judgment. After two appeals to the Supreme Court, the 1945 consent judgment was set aside, but only as to the two movants, Penelope Overton and Alexander Badham. *See Howard v. Boyce,* 255 N.C. 712, 122 S.E. 2d 601 (1961). Having been thus freed from the plea in bar, Penelope Overton and Alexander Badham instituted an action in 1965 to remove the cloud of defendant's adverse claim from their alleged title to the same land described in the original complaint filed in this action in 1944. The trial judge granted summary judgment for defendants, holding that the description in the 1889 deed from H. H. Page and wife to plaintiffs' ancestor, Hannibal Badham, was fatally defective. On appeal, this Court reversed, *Overton v. Boyce,* 26 N.C. App. 680, 217 S.E. 2d 704 (1975) ; but on review by the Supreme Court, the judgment of the trial court was ordered affirmed. *Overton v. Boyce,* 289 N.C. 291, 221 S.E. 2d 347 (1976). In this decision, the Supreme Court stated that "[s]ince the description in the deed under which the plaintiffs claim is patently ambiguous, the deed is void and cannot be the basis for a valid claim of title in the plaintiffs to the land now claimed by them." 289 N.C. at 295. This last cited decision terminated the action brought in 1965 by Penelope Overton and Alexander Badham.

In the meantime in 1966, certain of the persons, other than Penelope Overton and Alexander Badham, who had been named as parties plaintiff in the original complaint filed in this action in 1944, filed motions in this cause to set aside the 1945 consent judgment on the grounds that they had never given authority to bring this action nor consented to the settlement of their rights therein. On 14 November 1974 the trial court denied these motions on the ground that the movants were guilty of laches by delaying too long in seeking to set aside the 1945 consent judgment. On appeal, this Court held that "[e]xcept for petitioner Frances Badham Howard, the record does not support the Court's finding that the action and delay of petitioners constitutes laches." *Howard v. Boyce,* 26 N.C. App. 686, 689, 217 S.E. 2d 702, 704 (1975). Accordingly, this Court affirmed the order of the trial judge as to Frances Badham Howard but reversed as to the other movants.

On remand to the Superior Court and before any further hearing was held on the motions in the cause to set aside the 1945 consent judgment, defendants filed a motion for summary

judgment. As grounds for this motion, defendants referred to the 1976 decision of our Supreme Court in *Overton v. Boyce, supra* which held void, because of a fatally defective description, the 1889 deed to plaintiffs' ancestor, Hannibal Badham. Without ruling on the pending motions in the cause to set aside the 1945 consent judgment, the court allowed defendants' motion for summary judgment and ordered that this action be dismissed. In this, there was error.

The 1945 consent judgment, which terminated this action as of nonsuit, has never been set aside as to the present appellants. So long as it remains in effect, there is no pending action in which a summary judgment can be entered. Appellants, in filing their motions in this cause to set aside the 1945 consent judgment as to them, have taken the position that they never authorized anyone to join them as plaintiffs in this action, that they are not parties to this action, and that they cannot be bound by the 1945 consent judgment which was entered without their knowledge or consent in an action in which they had never joined. To this time, the present appellants have never had a hearing on the merits of their motions. All that was decided on the last appeal of this case to this Court was that, except as to Frances Badham Howell, the movants had not been guilty of laches in filing their motions. Accordingly, as to the present appellants, the order of the trial court, which denied their motions solely on the grounds that they were barred from maintaining them by laches, was reversed. If, when a hearing is held on the merits of the pending motions in the cause to set aside the 1945 consent judgment, it is determined that appellants are correct in their contention that they never authorized the institution of this action and were never properly made parties thereto, then obviously the 1945 consent judgment could not be binding on them. In addition, such a determination would also foreclose the court from exercising jurisdiction in this action, whether by summary judgment or otherwise, over persons who have thus been determined not to be parties to this action. On the other hand, if it is determined after hearing on the merits of the pending motions that movants did authorize institution of this action, then the inquiry would turn to the question whether movants had given authority to settle by way of the 1945 consent judgment. In this connection, we call

attention to the following language in the opinion of our Supreme Court in one of the earlier appeals of this case:

"If any of the heirs of Hannibal Badham should in their own name hereafter move to vacate the judgment rendered in 1945, the court should make full findings of fact, touching the questions of authority to bring the suit and authority to settle. The difference between authority to institute suit and authority to settle if authorized to sue may, depending on other facts, be important." *Howard v. Boyce,* 266 N.C. 572, 578, 146 S.E. 2d 828, 832 (1966).

If it is determined that movants did authorize institution of this action and in addition also authorized entry of the 1945 consent judgment, then their motions in the cause should be denied, the 1945 consent judgment would remain in effect, and the matter would be ended. If it is determined that movants authorized institution of this action but did not consent to the 1945 judgment, then the judgment should be set aside as to them, this action would remain pending, and the parties could then undertake such further proceedings in this cause as might be appropriate. In this latter eventuality, a renewal of defendants' motion for summary judgment would appear proper.

This action and related litigation has occupied far too much of the time of the parties and of the courts of this State. In view of the 1976 decision of our Supreme Court in *Overton v. Boyce, supra,* it is difficult to see how the present appellants can ever prevail in establishing any rights in the land which is the subject to this action. Nevertheless, for the reasons above stated it was error to enter the summary judgment against them. Accordingly, the summary judgment entered 30 June 1976 is vacated and this cause is remanded to the Superior Court in Chowan County for hearing on the pending motions in the cause to set aside the 1945 consent judgment and for further proceedings not inconsistent herewith.

Vacated and remanded.

Chief Judge BROCK and Judge ARNOLD concur.