PENELOPE BADHAM OVERTON, AND ALEXANDER BADHAM, (ORIGINAL PLAINTIFFS); ROBERT BEMBRY, ADMINISTRATOR OF PENELOPE BADHAM OVERTON AND ROBERT BEMBRY, ADMINISTRATOR OF ALEXANDER BADHAM v. A. C. BOYCE, SOMETIMES KNOWN AS LONNIE BOYCE (ORIGINAL DEFENDANT); CELIA U. BOYCE, WIDOW OF A. C. BOYCE; AND CELIA U. BOYCE AND NAOMI E. MORRIS, EXECUTRICES OF A. C. BOYCE

No. 104

(Filed 29 January 1976)

1. Boundaries § 10— ambiguous description in deed — deed void

A deed purporting to convey an interest in land is void unless it contains a description of the land sufficient to identify it or refers to something extrinsic by which the land may be identified with certainty.

2. Boundaries § 10— description of land conveyed — admissibility of parol evidence

When a deed itself, including its references to extrinsic things, describes with certainty the property intended to be conveyed, parol evidence is admissible to fit the description in the deed to the land; however, parol evidence is not admissible to enlarge the scope of the description in the deed. G.S. 8-39.

3. Boundaries § 10— patently ambiguous description of land — inadmissibility of parol evidence

When it is apparent upon the face of a deed itself that there is uncertainty as to the land intended to be conveyed and the deed itself refers to nothing extrinsic by which such uncertainty can be resolved, the description is said to be patently ambiguous, and parol evidence may not be introduced to remove a patent ambiguity since to do so would not be a use of such evidence to fit the description to the land but a use of such evidence to create a description by adding to the words of the instrument.

4. Boundaries § 10— deed conveying pocosin land — patently ambiguous description — deed void

The description in a deed conveying a "tract of Pocosin Land adjoining the lands of the late Henderson Luton & others, containing by estimation, Three Hundred and Nineteen acres" was patently ambiguous and referred to nothing extrinsic to which one could turn in order to identify with certainty the land intended to be conveyed; therefore, the deed was void and could not be the basis for a valid claim of title in the plaintiffs.

Justice COPELAND did not participate in the consideration or decision of this case.

ON *certiorari* to the Court of Appeals to review its decision reported in 26 N.C. App. 680, 217 S.E. 2d 704. The Court of Appeals vacated a summary judgment in favor of the de-

fendant entered by *Cowper, J.,* at the 19 December 1974 Session of CHOWAN.

The original plaintiffs instituted this action in 1965 to quiet title to real property and to remove a cloud on their alleged title to land which they claim as heirs of Hannibal Badham, Senior. In their complaint the plaintiffs describe the land as follows:

"A certain tract of pocosin land adjoining the lands of the late Henderson Luton and others, lying and being in Chowan County, and State of North Carolina, containing by estimation three hundred nineteen (319) acres, more or less, and being the same land conveyed to Hannibal Badham, Sr., by H. H. Page and wife by deed and [sic] duly recorded in Chowan County Registry in Book B, Page 198."

The deed, under which the plaintiffs claim, a certified copy of which is attached to defendants' motion for summary judgment, describes the tract of land which it purports to convey as follows:

"[T]he following real estate in Chowan County, to wit: A certain tract of Pocosin Land adjoining the lands of the late Henderson Luton & others, containing, by estimation, Three Hundred and Nineteen Acres."

The Superior Court, hearing the matter on the motion for summary judgment, found facts, which findings are supported by documents attached to the defendants' motion for summary judgment and which findings include the following (summarized and renumbered):

(1) The deed referred to in the complaint as the source of the plaintiffs' title describes the land therein purported to be conveyed as above stated.

(2) Three deeds conveyed to Henderson Luton three separate and distinct tracts of land lying in Chowan County.

(3) There is no reference in the deed, under which the plaintiffs claim title, to indicate which of the three Luton tracts the land which the plaintiffs claim adjoined.

(4) An affidavit of W. J. Berryman, surveyor, now deceased, is to the effect that he surveyed a tract of land

known as the "W. S. White tract" in Chowan County and made diligent efforts to locate "a certain tract of pocosin land adjoining the lands of the late Henderson Luton and others containing by estimation 319 acres, and he was unable to locate said tract of land."

(5) The description of the land purported to be conveyed by the deed under which the plaintiffs claim title does not contain a sufficient description of such land and contains no reference to any source by which such land could be identified. There is much pocosin land in Chowan County.

The Court of Appeals, recognizing that the description of the land purported to be conveyed by the deed under which the plaintiffs claim is ambiguous, considered the ambiguity to be latent so as to permit extrinsic evidence to be introduced for the purpose of identifying the property conveyed. It, therefore, held:

"We find that the summary judgment was improvidently entered and erroneously disposed of a genuine issue of fact, i.e., the identity of the land. At trial the plaintiff may offer extrinsic evidence to identify the land, and the defendants may offer such evidence with reference thereto tending to show impossibility of identification."

*Richard E. Powell and Samuel S. Mitchell for plaintiffs.*

*Pritchett, Cooke & Burch by J. A. Pritchett, W. W. Pritchett, Jr., and W. L. Cooke for defendants.*

LAKE, Justice.

[1, 2] A deed purporting to convey an interest in land is void unless it contains a description of the land sufficient to identify it or refers to something extrinsic by which the land may be identified with certainty. *State v. Brooks,* 279 N.C. 45, 181 S.E. 2d 553; *Carlton v. Anderson,* 276 N.C. 564, 173 S.E. 2d 783; *Lane v. Coe,* 262 N.C. 8, 136 S.E. 2d 269; *Deans v. Deans,* 241 N.C. 1, 84 S.E. 2d 321; *Searcy v. Logan,* 226 N.C. 562, 39 S.E. 2d 593; Strong, N. C. Index 2d, Boundaries, § 10. When the deed itself, including the references to extrinsic things, describes with certainty the property intended to be conveyed, parol evidence is admissible to fit the description in the deed to the land. G.S. 8-39; *State v. Brooks, supra.* Parol evidence

is not admissible, however, to enlarge the scope of the description in the deed. *State v. Brooks, supra; Self Help Corp. v. Brinkley,* 215 N.C. 615, 2 S.E. 2d 889.

[3]   When it is apparent upon the face of the deed, itself, that there is uncertainty as to the land intended to be conveyed and the deed, itself, refers to nothing extrinsic by which such uncertainty can be resolved, the description is said to be patently ambiguous. *Carlton v. Anderson, supra;* Strong, N. C. Index 2d, Boundaries, § 10. As Justice Barnhill, later Chief Justice, speaking for the Court, said in *Thompson v. Umberger,* 221 N.C. 178, 19 S.E. 2d 484, "[A] patent ambiguity is such an uncertainty appearing on the face of the instrument that the Court, reading the language in the light of all the facts and circumstances *referred to in the instrument,* is unable to derive *therefrom* the intention of the parties as to what land was to be conveyed." (Emphasis added.) Parol evidence may not be introduced to remove a patent ambiguity since to do so would not be a use of such evidence to fit the description to the land but a use of such evidence to create a description by adding to the words of the instrument. *Cummings v. Dosam, Inc.,* 273 N.C. 28, 159 S.E. 2d 513; *McDaris v. "T" Corp.,* 265 N.C. 298, 144 S.E. 2d 59; *Lane v. Coe, supra; Thompson v. Umberger, supra.*

[4]   The description in the deed under which the plaintiffs claim title is patently ambiguous. It refers to nothing extrinsic to which one may turn in order to identify with certainty the land intended to be conveyed. All that the deed tells us about the land is that it is "pocosin land," i.e., swamp land, in Chowan County, it adjoins the lands of the late Henderson Luton and contains, *by estimation,* 319 acres. It is a matter of common knowledge that there are numerous, extensive tracts of pocosin land in Chowan County. The deed leaves the reader of it in doubt as to each of the following things: (1) The exact area of the tract intended to be conveyed, (2) whether the tract intended to be conveyed is all or only part of a single pocosin area, (3) assuming the "Henderson Luton" tract can be located with certainty, on which side of it lies the land here intended to be conveyed, and (4) the length of the common boundary between the "Henderson Luton" tract and the land here intended to be conveyed. Furthermore, the record shows, and the Superior Court found, there were recorded in the office of the Register of Deeds of Chowan County three separate deeds conveying large tracts of land in Chowan County to Henderson

Overton v. Boyce

Luton and another deed conveying a smaller tract to Henderson Luton and another. The descriptions of the three larger tracts conveyed to Henderson Luton alone show that each of these tracts had one or more boundary lines running along or through a swamp or along the Chowan River.

Since the description in the deed under which the plaintiffs claim is patently ambiguous, the deed is void and cannot be the basis for a valid claim of title in the plaintiffs to the land now claimed by them. It follows that the summary judgment in favor of the defendants was properly entered by the Superior Court. The judgment of the Court of Appeals is, therefore, reversed and the matter is hereby remanded to the Court of Appeals for the entry by it of a judgment affirming the judgment of the Superior Court.

Reversed.

Justice COPELAND did not participate in the consideration or decision of this case.