FIFTH THIRD MORTGAGE COMPANY, Plaintiff v. ALAN MILLER, PHYLLIS A. MILLER, BRANCH BANKING AND TRUST COMPANY and JEFF D. ROGERS, SUBSTITUTE TRUSTEE, Defendants

No. COA09-961

(Filed 2 March 2010)

**Mortgages and Deeds of Trust— priority of deed of trust— defective description**

The trial court correctly granted summary judgment for defendant and declared that BB&T's deed of trust had priority over any interest created by plaintiff's deed of trust. Plaintiff's deed of trust contained a defective description; although defend-

ant asserted that its deed of trust should be reformed and thereby retain its priority position over BB&T, a deed of trust containing a defective description of property provides no notice, actual or constructive, under our recordation statutes.

Appeal by plaintiff from judgment entered 16 March 2009 by Judge W. Erwin Spainhour in Union County Superior Court. Heard in the Court of Appeals 2 December 2009.

> *Koehler & Cordes, PLLC, by David C. Cordes, for plaintiff-appellant.*

> *Horack, Talley, Pharr & Lowndes, P.A., by Robert B. McNeill and Amy P. Hunt, for defendant-appellees.*

BRYANT, Judge.

Plaintiff Fifth Third Mortgage Company (Fifth Third) appeals from an order granting summary judgment in favor of defendant Branch Banking and Trust Company (BB&T) which declared that a deed of trust filed by BB&T in the Union County Public Registry had priority over and was superior to any interest created by a deed of trust filed by Fifth Third for the property located at 9911 Strike The Gold Lane, Waxhaw, North Carolina. For the reasons stated herein, we affirm.

## Facts

On 20 March 2007, defendant Alan Miller executed and delivered to Fifth Third a promissory note for the principal sum of $1,177,500.00, and Fifth Third prepared a deed of trust for the real property located at 9911 Strike The Gold Lane, Waxhaw, in Union County, North Carolina. However, the deed of trust failed to name a trustee and improperly described the property as "Being all of Lot 4 in Block 1 of LEACROFT SUBDIVISION, PHASE 1, MAP 1, as same is shown on a map thereof recorded in Map Book 26 at Page 163 in the Mecklenburg County Public Registry."[1] Fifth Third filed the deed of trust with the Register of Deeds of Union County on 21 March 2007.

On 18 June 2007, defendants Alan and Phyllis Miller entered into an agreement with BB&T for an equity line of credit with the maximum principal amount of $500,000.00. To secure the debt, the Millers executed a deed of trust naming BB&T the beneficiary and trustee.

---

1. Fifth Third stipulated before the trial court that its deed of trust failed to contain the correct description of the real property.

BB&T filed the deed of trust 25 June 2007. The property securing the debt was pertinently described as follows:

SITUATED IN UNION COUNTY, NORTH CAROLINA AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEING ALL OF LOT 151 OF McGEE VALLEY, MAP 1, AKA PROVIDENCE DOWNS SOUTH, AS SHOWN ON PLAT THEREOF RECORDED IN PLAT CABINET 1 AT FILES 104 THRU 106, UNION COUNTY REGISTRY, REFERENCE TO WHICH PLAT IS HEREBY MADE FOR A MORE PARTICULAR METES AND BOUNDS DESCRIPTION.

Thereafter, the Millers defaulted with respect to the promissory notes of both Fifth Third and BB&T.

Based on the default, Fifth Third made a demand for the outstanding principal amount of $1,260,128.20 with interest at a rate of $277.7485 per day from 18 April 2008 until paid. BB&T initiated foreclosure proceedings.

Fifth Third filed a complaint on 27 June 2008 seeking a reformation of Fifth Third's deed of trust to include the correct legal description of the real property, a declaratory judgment, quiet title, a judicial sale, and monetary judgment. After hearings held 7 and 17 July 2008, the trial court granted a motion for a temporary restraining order and preliminary injunction and enjoined BB&T from finalizing the foreclosure action. After BB&T filed a motion to dismiss, an answer, and affirmative defenses on 2 September 2008, both Fifth Third and BB&T filed cross-motions for summary judgment. Subsequently, the trial court entered an order which granted BB&T's motion for summary judgment, decreeing that BB&T's deed of trust had priority over and was superior to any interest that may have been created by Fifth Third's deed of trust. Fifth Third appeals.

On appeal, Fifth Third raises two arguments premised on two assignments of error: the trial court erred by granting BB&T's motion for summary judgment where (I) Fifth Third was entitled to reformation of its deed of trust and priority over BB&T's deed of trust; and (II) BB&T was not a bona fide purchaser for value without notice of Fifth Third's recorded deed of trust.

*Standard of Review*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. 56(c) (2007). "We review a trial court's order granting or denying summary judgment de novo. Under a de novo review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *Craig v. New Hanover County Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (internal citations and quotations omitted).

*I & II*

Fifth Third argues that the trial court erred in granting BB&T summary judgment where Fifth Third was entitled to reformation of its deed of trust and that BB&T should not be recognized as a bona fide purchaser for value without notice of Fifth Third's prior recorded deed of trust. Fifth Third argues that BB&T is not a bona fide purchaser because it had constructive notice of Fifth Third's deed of trust. We disagree.

Under North Carolina General Statutes, section 47-20, "[n]o deed of trust or mortgage of real or personal property . . . shall be valid to pass any property as against lien creditors or purchasers for a valuable consideration from the grantor, mortgagor or conditional sales vendee, but from the time of registration thereof . . . ." N.C. Gen. Stat. § 47-20(a) (2007).

> In the construction of our registration laws [our Supreme Court] has very insistently held that no notice, however full and formal, will supply the place of registration. . . . When properly probated and registered, [deeds of trust and mortgages on real and personal property] are constructive notice to all the world. Creditors or purchasers for a valuable consideration from the donor, bargainor or mortgagor, obtain no title as against a properly probated and registered conveyance, *sufficiently describing the property.*

*Lowery v. Wilson*, 214 N.C. 800, 804, 200 S.E. 861, 864 (1939) (internal citations and quotations omitted) (emphasis added); *see also New Home Bldg. Supply Co. v. Nations*, 259 N.C. 681, 687, 131 S.E.2d 425, 429 (1963) ("The registration of an improperly acknowledged or defectively probated deed imports no constructive notice and the deed will be treated as if unregistered.") (citations omitted); *Cowan v. Dale*, 189 N.C. 684, 128 S.E. 155 (1925) (where the registration of a mortgage instrument is defective, the instrument is ineffective to pass

**IN RE E.M.**

[202 N.C. App. 761 (2010)]

title and "may be regarded a nullity as to subsequent purchasers or encumbrancers"). A deed of trust containing a defective description of the subject property is a defective deed of trust and provides no notice, actual or constructive, under our recordation statutes. *Lowery*, 214 N.C. at 805, 200 S.E. at 864.

Fifth Third acknowledges that the deed of trust it filed on 21 March 2007 fails to name a Trustee and "failed to contain a proper description of the real property to be conveyed to the Trustee . . . ."[2] However, Fifth Third asserts that its deed of trust should be allowed to be reformed and, thereby, retain its priority position over BB&T. However, "[a]s a general rule, reformation will not be granted if the rights of an innocent bona fide purchaser would be prejudiced thereby." *Hice v. Hi-Mil, Inc.*, 301 N.C. 647, 653, 273 S.E.2d 268, 272 (1981) (citations omitted).

Therefore, we affirm the trial court's order declaring that BB&T's deed of trust recorded 25 June 2007 has priority over and is superior to any interest created by Fifth Third's deed of trust. Accordingly, we overrule Fifth Third's assignments of error.

Affirmed.

Judges HUNTER, Robert C. and JACKSON concur.

---

2. Fifth Third's deed of trust described the property securing the Miller's debt as "[b]eing all of Lot 4 in Block 1 of LEACROFT SUBDIVISION, PHASE 1, MAP 1, as same is shown on a map thereof recorded in Map Book 26 at Page 163 in the Mecklenburg County Public Registry." Whereas, the property was properly described as "[b]eing all of Lot 151 of McGee Valley, Map 1, AKA Providence Downs South, as shown on plat thereof recorded in Plat Cabinet 1 at files 104 thru 106, Union County Registry, reference to which plat is hereby made for a particular metes and bounds description."