An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e   P r o c e d u r e .

NO. COA14-42
NORTH CAROLINA COURT OF APPEALS

Filed:  17 June 2014

BANK OF AMERICA, N.A.,
     Plaintiff,

v.                                    Mecklenburg County
                                      No. 13 CVS 2168
CHARLOTTE PROPERTY INVESTMENTS,
LLC, and WILLIAM C. GATHINGS,
     Defendants.


Appeal by defendant Charlotte Property Investments, LLC from order entered 17 October 2013 by Judge Robert C. Ervin in Mecklenburg County Superior Court.  Heard in the Court of Appeals 5 May 2014.


*Johnston, Allison & Hord, P.A., by Greg C. Ahlum and Ryan P. Hoffman, for plaintiff-appellee.*

*Cranford, Buckley, Schultze, Tomchin, Allen & Buie, P.A., by R. Gregory Tomchin, for defendant-appellant Charlotte Property Investments, LLC.*


MARTIN, Chief Judge.


Defendant Charlotte Property Investments, LLC ("defendant CPI") appeals from an order which granted summary judgment in favor of plaintiff Bank of America, N.A. ("plaintiff Bank") on

plaintiff Bank's claim to quiet title, and decreed that plaintiff Bank's Deed of Trust is a valid encumbrance on the property at issue from the date of recordation and that this property——which is now owned by defendant CPI——is subject to plaintiff Bank's Deed of Trust. We affirm.

The evidence in the record tended to show that, on 31 July 2001, a North Carolina General Warranty Deed ("the Warranty Deed") was recorded in the Mecklenburg County Register of Deeds, which conveyed to Grantee William C. Gathings ("defendant Gathings") the property described as follows:

> BEING all of Lot 39 of BELMEADE GREEN, Phase 1, Map 1, as same is shown on a revised map thereof recorded in Map Book 33, page 679, in the office of the Register of Deeds for Mecklenburg County, North Carolina.

The physical address for the property was designated in the Warranty Deed as 2816 Oasis Lane, Charlotte, North Carolina 28214, the brief description for the real estate index listing was "Lot 39 of Belmeade Green," and the parcel ID number was "053-074-33."

On 13 June 2003, a Deed of Trust was recorded in the Mecklenburg County Register of Deeds, in which defendant Gathings was designated as the Borrower and Countrywide Home Loans, Inc. ("Countrywide") as the Lender. In exchange for a loan of $117,000.00, defendant Gathings, as the Borrower on a

note that was dated 5 June 2003, "irrevocably grant[ed] and convey[ed]" property described in the Deed of Trust as follows:

> Lying and being in Crab Orchard Township, Mecklenburg County, North Carolina, and being all of Lot No. 149 of Hickory Ridge 6B, Map #5, and being on file in the Office of the Register of Deeds for Mecklenburg County, North Carolina, in Map Book 21, Page 150, specific reference thereto being made for a more complete description thereof by metes and bounds.

The description of the property in the Deed of Trust further indicated that the parcel ID number was "053 074 33," and that the property description "currently has the address of" 2816 Oasis Lane, Charlotte, North Carolina 28214, both of which are the same as the parcel ID number and the physical address of the property that is the subject of the Warranty Deed.

According to plaintiff Bank, in July 2010, the Belmeade Green Homeowners' Association, Inc. ("the HOA") filed a claim of lien for past due homeowners' association dues in the amount of $110.00, and this claim of lien referenced the same physical address to which both the Warranty Deed and the Deed of Trust refer: 2816 Oasis Lane, Charlotte, North Carolina 28214. The parties agree that the HOA subsequently foreclosed on this claim of lien, that defendant CPI was the highest bidder for this property at the foreclosure with an upset bid of $3,253.25, and that this property was conveyed to defendant CPI. In June 2011,

the Association Lien Foreclosure Deed ("the Foreclosure Deed"), later filed in the Mecklenburg County Register of Deeds, described the property conveyed by the HOA to defendant CPI as "the same property described in the [Warranty Deed] recorded in Deed Book 12508, at Page 753 of the Mecklenburg County Public Registry," and included the same description as that which was included in the Warranty Deed:

> Being all of Lot 39 of Belmeade Green, Phase 1, Map 1, as same is shown on a revised map thereof recorded in Map Book 33, Page 679, in the Office of the Register of Deeds for Mecklenburg County, North Carolina.

Daoshan Sun, a manager for defendant CPI, stated in an affidavit that, prior to submitting the upset bid for this property on behalf of defendant CPI, he searched the real estate index of the Mecklenburg County public records, and that his search "did not reveal a Deed of Trust against William C. Gaithing's [sic] property with the legal description of Lot 39, Belmead [sic] Green." The brief legal description for the Deed of Trust that appears in the Mecklenburg County Register of Deeds' real estate index search reads "LT 149 HICKORY RIDGE 6 B," whereas the brief legal description for the Warranty Deed that appears in the index reads "LT 39 BELMEADE GREEN PH 1."

Plaintiff Bank filed a Complaint against defendants CPI and

Gathings alleging that: "[d]ue to an error on the part of the draftsman, the lot and block legal description in the Deed of Trust does not describe the Property but, rather, describes Lot 149 of Hickory Ridge Subdivision ('Lot 149')"; "[defendant] Gathings has never owned an interest in Lot 149"; "[t]he inclusion of the lot and block legal description of Lot 149 in the Deed of Trust instead of the lot and block legal description of the property was a mutual mistake of fact as between the parties to the Deed of Trust"; and the Deed of Trust is now held by plaintiff Bank. Plaintiff Bank prayed that the trial court enter an order "reforming the Deed of Trust to replace the lot and block legal description of Lot 149 with the Lot and Block legal description of the Property"; or, in the alternative, enter an order "declaring a constructive trust upon title to the Property granting [plaintiff Bank] a first position lien on the Property" relating back to the date on which the Deed of Trust was recorded; enter an order "quieting title to the Property in the name of [defendant] CPI subject to the Deed of Trust"; or, in the alternative, enter judgment in favor of plaintiff Bank and against defendant Gathings for plaintiff Bank's "actual damages arising from Gathings' breach of the warranties contained in the Deed of Trust."

Plaintiff Bank and defendant CPI filed cross-motions for

summary judgment, which motions were heard in October 2013.  In support of its motion for summary judgment and in opposition to plaintiff Bank's motion, defendant CPI submitted affidavits from its manager, Daoshan Sun, in which Mr. Sun described his search of the real estate index in the Mecklenburg County Register of Deeds for property "with the legal description of Lot 39, Belmead [sic] Green," and attested that neither his search of the index nor his personal examination of the real property gave him any "reason to be aware of [plaintiff Bank's] claim against the real property."  In support of its motion for summary judgment, plaintiff Bank submitted affidavits from William C. Parise, an attorney with six years' of experience performing "thousands of title searches," who conducted his own title search of the property that is the subject of the Warranty Deed. Mr. Parise attested that:  although the Warranty Deed and the Deed of Trust "contain different lot and block references, they contain the same property address (2816 Oasis Lane, Charlotte) and the same parcel ID number (053-074-33)"; his search of the property referenced by lot and block in the Deed of Trust "showed that [defendant] Gathings has never owned an interest in the property referenced by lot and block in the Deed of Trust"; because the two deeds contained the same property address and parcel ID number, and because defendant Gathings "never owned

the property referenced by lot and block in the Deed of Trust," he included the Deed of Trust as "a possible encumbrance of the Property"; and "[u]sing the proper standard of care, a title searcher cannot rely solely on the index with regard to recorded documents."

On 17 October 2013, the trial court entered an order in which it decreed that plaintiff Bank's Deed of Trust is a valid encumbrance on the property from the date of recordation, adjudged that the property is owned by defendant CPI subject to plaintiff Bank's Deed of Trust, granted summary judgment in favor of plaintiff Bank on its claim for quiet title, and denied defendant CPI's motion for summary judgment. Defendant CPI appeals.

_____

Defendant CPI first contends the trial court erred by determining that the Deed of Trust is a valid encumbrance on the property at issue because it contains an "erroneous legal description." Defendant CPI asserts that this description was not sufficient to have put it on notice that the Deed of Trust encumbered the property.

"A deed purporting to convey an interest in land is void unless it contains a description of the land sufficient to identify it or refers to something extrinsic by which the land

may be identified with certainty." *Overton v. Boyce*, 289 N.C. 291, 293, 221 S.E.2d 347, 349 (1976). Moreover, "[a] deed of trust containing a defective description of the subject property is a defective deed of trust and provides no notice, actual or constructive, under our recordation statutes." *Fifth Third Mortg. Co. v. Miller*, 202 N.C. App. 757, 761, 690 S.E.2d 7, 9- 10, *disc. review denied*, 364 N.C. 601, 703 S.E.2d 445 (2010). Nevertheless, it has long been recognized that "[a] purchaser . . . has constructive notice of all duly recorded documents that a proper examination of the title should reveal." *Stegall v. Robinson*, 81 N.C. App. 617, 619, 344 S.E.2d 803, 804, *disc. review denied*, 317 N.C. 714, 347 S.E.2d 456 (1986). Such an examination has been said to "charge[] purchasers with constructive notice of all that could be discovered by a search of the deeds and records, whether within the direct chain of conveyances or outside the direct chain of conveyances," *id.* at 621, 344 S.E.2d at 805 (internal quotation marks omitted), so that "the title examiner must look at each deed of any tract of land of both immediate and prior grantors that was executed during each one's ownership of the land in question." *Id.* at 621, 344 S.E.2d at 805-06 (internal quotation marks omitted).

In the present case, defendant CPI urges that *Fifth Third Mortgage Co.* requires us to conclude that the trial court erred

by determining that the property at issue is encumbered by the Deed of Trust. *See Fifth Third Mortg. Co.*, 202 N.C. App. at 758, 760-61, 690 S.E.2d at 9-10 (affirming the trial court's order which determined that a subsequent purchaser of property did not have constructive notice of a deed of trust because the deed contained an erroneous description of the property securing the debt that described the property as being located in a different county from both the county in which the property was actually located and the county in which the deed was registered). Although a deed of trust containing an inaccurate description of the subject property is "defective" and "provides no notice, actual or constructive, under our recordation statutes," *see id.* at 761, 690 S.E.2d at 9-10, here, the record indicates that the Deed of Trust contained the correct physical address and parcel ID number, thereby referring to extrinsic sources from which the land could be identified with certainty. *See Overton*, 289 N.C. at 293, 221 S.E.2d at 349. Moreover, defendant CPI conducted an inadequate title examination, relying solely on the brief description in the real estate index, rather than examining all duly recorded documents "executed during [Gathings'] ownership of the" subject property. *See Stegall*, 81 N.C. App. at 621, 344 S.E.2d at 805-06 (internal quotation marks omitted); *see also Waters v. N.C. Phosphate Corp.*,

310 N.C. 438, 441–42, 312 S.E.2d 428, 432 (1984) ("The law contemplates that a purchaser of land will examine each recorded deed and other instrument in his chain of title and charges him with notice of every fact affecting his title which an accurate examination of the title would disclose."). For this reason, we conclude the Deed of Trust, by referring to the correct physical address and parcel ID number, was sufficient to identify the parcel with certainty and to provide constructive notice of the lien.

Defendant CPI next contends plaintiff Bank has failed to establish that it holds the Deed of Trust and, therefore, is not entitled to prevail at summary judgment on its quiet title action.

An action to quiet title is controlled by N.C.G.S. § 41-10, which provides, in part, that "[a]n action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims . . . ." N.C. Gen. Stat. § 41-10 (2013). "The beneficial purpose of this section is to free the land of the cloud resting upon it and make its title clear and indisputable, so that it may enter the channels of commerce and trade unfettered and without the handicap of suspicion." *Heath v. Turner*, 309 N.C. 483, 488, 308 S.E.2d 244, 247 (1983). "In an

action to quiet title, the burden of proof is on the plaintiff to establish his title," *id.*, which may be done "by traditional methods or by reliance on the Real Property Marketable Title Act." *Id.; see also Mobley v. Griffin*, 104 N.C. 112, 115-16, 10 S.E. 142, 142-43 (1889) (setting out the traditional methods of proving title). To make a *prima facie* showing of title through traditional methods, plaintiffs "may offer a connected chain of title." *Heath*, 309 N.C. at 489, 308 S.E.2d at 247.

In the present case, the record includes the Deed of Trust, which identifies Countrywide as the Lender and defendant Gathings as the Borrower. Plaintiff Bank supplemented the record on appeal pursuant to Appellate Rule 9(b)(5)(a) with an Assignment of Deed of Trust, which provides that the same Deed of Trust for property with the address of 2816 Oasis Lane in Charlotte, North Carolina, recorded with the Mecklenburg County Register of Deeds on 13 June 2003 has since been assigned and transferred from Countrywide to "BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP," of which plaintiff Bank is a "successor by merger." There is no transcript of the summary judgment hearing before the trial judge included in the record on appeal. Rule 9(a)(1)(j) of the North Carolina Rules of Appellate Procedure provides that copies of "papers filed" "in the trial court which are necessary to an understanding of

all issues presented on appeal" "shall" be contained in the record on appeal. N.C.R. App. P. 9(a)(1)(j). Appellate Rule 9(b)(5)(a) provides that a party "may supplement the record on appeal with any items that could otherwise have been included pursuant to this Rule 9" "[i]f the record on appeal as settled is insufficient to respond to the issues presented in an appellant's brief." N.C.R. App. P. 9(b)(5)(a). Thus, the record is only to contain documents that were before the trial court and, in the absence of any objection from defendant CPI to plaintiff Bank's supplement to the record, we must assume that the Assignment of Deed of Trust was before the trial court. Therefore, plaintiff Bank had standing, pursuant to the assignment, to file the claims brought in this action, and this argument is without merit.

Affirmed.

Judges STEELMAN and DILLON concur.

Report per Rule 30(e).