IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-349

Filed: 18 December 2018

Brunswick County, No. 16-CVS-2205

MTGLQ INVESTORS, L.P., Plaintiff,

v.

PETER C. CURNIN; PC CONSTRUCTION, INC.; BALD HEAD ASSOCIATION, Defendants.

Appeal by Plaintiff from orders entered 24 August 2017 by Judge Ola M. Lewis in Brunswick County Superior Court. Heard in the Court of Appeals 31 October 2018.

*Brian M. Rowlson and G. Benjamin Milam for Plaintiff-Appellant.*

*The Hillis Firm, by Lindsey Walker Hillis, for Defendant-Appellee Peter C. Curnin.*

*Murchison, Taylor & Gibson PLLC, by Andrew K. McVey, for Defendant-Appellee Bald Head Association.*

DILLON, Judge.

Plaintiff MTGLQ Investors, L.P. ("MTGLQ") appeals from an order denying its motion for summary judgment and an order granting summary judgment in favor of Defendants.

I. Background

The subject-matter of this action is certain real property located at 29 Fort Holmes Trail on Bald Head Island (the "Property"). The central issue is whether a certain deed of trust sufficiently describes the Property to create a valid lien.

The Property is owned by Defendant Peter C. Curnin ("Curnin"). In December 2007, Curnin obtained a loan from Bank of America, N.A. ("Bank of America"), securing it by the deed of trust at issue in this matter (the "Deed of Trust"). One section of the Deed of Trust includes the following legal description of the Property:

> ALL THAT TRACT OR PARCEL OF LAND LYING IN THE COUNTY OF BRUNSWICK, IN THE [STATE] OF NORTH CAROLINA, IN THE MUNICIPALITY OF THE VILLAGE OF BALD HEAD ISLAND AND MORE SPECIFICALLY IDENTIFIED AS LOT # 333 LOCATED IN STAGE I OF THE DEVELOPMENT.
>
> Being that parcel of land conveyed to Peter C. Curnin from PC Construction Inc. by that deed dated 12/13/2001 and recorded 12/13/2001 in Deed Book 1531, at Page 66 of the Brunswick County, NC Public Registry.

The legal description includes the Property's lot number ("LOT # 333") and the phase of the development ("STAGE I"). However, it does not include any reference to the book and page numbers where a title searcher could find the map of Stage I as recorded in the Brunswick County Map Book.

MTGLQ is the successor in interest to Bank of America's interest in the Deed of Trust. In 2016, MTGLQ commenced this action, seeking (1) to quiet title regarding

the validity of its lien on the Property and (2) to reform the Deed of Trust to include a reference to the recorded map in the County's Map Book.

MTGLQ moved for summary judgment. After a hearing on the matter, the trial court denied MTGLQ's motion and granted summary judgment in favor of Defendants. MTGLQ timely appealed.

## II. Standard of Review

We review the trial court's ruling on a motion for summary judgment *de novo*. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004).

## III. Analysis

MTGLQ argues that the trial court erred by denying its summary judgment motion and by granting summary judgment for Defendants. For the reasons stated below, we conclude that the Deed of Trust adequately describes the Property to create a lien on that Property without the need for reformation. Therefore, we hold that MTGLQ is entitled to summary judgment on its quiet title claim.

Our General Statutes allow a quiet title action to be brought "by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims." N.C. Gen. Stat. § 41-10 (2016). An action for quiet title has two essential elements: (1) the plaintiff must own or have some interest in the property at issue, and (2) the defendant must have a claim adverse to the plaintiff's title or interest in the property. *Wells v. Clayton*, 236 N.C.

102, 107-08, 72 S.E.2d 16, 20 (1952). In this case, these elements are satisfied: MTGLQ has a lien on the Property which is adverse to Defendant's title in the Property.

In order to be valid, a deed or deed of trust must contain a legal description of the land "sufficient to identify it" or refer "to something extrinsic by which the land may be identified with certainty." *Overton v. Boyce*, 289 N.C. 291, 293, 221 S.E.2d 347, 349 (1976). The entire deed should be considered when determining the identity of the land conveyed. *Quelch v. Futch*, 172 N.C. 316, 317, 90 S.E. 259, 260 (1916). Indeed, "[c]lauses inserted in a deed should be regarded as inserted for a purpose, and should be given a meaning that would aid the description." *Id.* "Every part of a deed ought, if possible, take effect, and every word to operate." *Id.* Thus, if a deed's language, "including the references to extrinsic things, describes with certainty the property intended to be conveyed, parol evidence is admissible to fit the description in the deed to the land." *Overton*, 289 N.C. at 293-94, 221 S.E2d at 349; N.C. Gen. Stat. § 8-39 (2007).

Here, the Deed of Trust's description, set forth above, contains the Property's lot number and the correct subdivision as well as a reference to the deed in which Defendant obtained title to the Property. This description describes the Property with certainty as it could only refer to the Property. There is no other Lot # 333 in Stage I of the development. And, in addition to the legal description set forth above,

the Deed of Trust also identifies the real estate securing the loan by its correct street address and tax parcel number, as follows:

> This [Deed of Trust] secures to Lender . . . the following described property located in the County of Brunswick []
>
> Parcel ID Number: 2641O030 which currently has the address of 29 Fort Holmes Trail[,] Southport [,] North Carolina 28461.
>
> TO HAVE AND TO HOLD this property unto Trustee . . . [.]

We conclude that the four corners of the Deed of Trust document sufficiently describes the Property to create a valid lien on that Property. In reaching our conclusion, we find persuasive a recent unpublished opinion, cited in MTGLQ's brief, in which we found that a deed of trust *can* identify the property "with certainty" and "provide constructive notice of [a] lien" where the deed of trust contains the correct physical address and the tax parcel ID number. *Bank of Am., N.A. v. Charlotte Prop. Invs., LLC*, 234 N.C. App. 477, 762 S.E.2d 532, 2014 N.C. App. LEXIS 651, *8-10, (2014) (unpublished). The physical address and tax parcel ID number contained in the Deed of Trust each refer to "something extrinsic by which the land may be identified with certainty." *Overton*, 289 N.C. at 293, 221 S.E.2d at 349.

We disagree with Defendant's argument that the language in the Deed of Trust is similar to the description in *Garren v. Watts*, 235 N.C. App. 423, 763 S.E.2d 926, 2014 N.C. App. LEXIS 838 (2014) (unpublished). The deed in *Garren* varies greatly

from the Deed of Trust at issue here. In *Garren*, the legal description of the real estate being conveyed was left blank, though other parts of the deed contained a reference to the grantor's address and a handwritten parcel number. *Garren*, 2014 N.C. App. LEXIS at *2. However, there was no language indicating any intention that the address referred to was being conveyed. *Garren*, 2014 N.C. App. LEXIS at *5-7. Further, there was no language indicating any intention that the property referenced in the handwritten parcel number written at the bottom of the deed was being conveyed. *Id.*

We also recognize that MTGLQ included a claim for reformation in its complaint and that Defendant argues that MTGLQ's claim is one of reformation and, therefore, time-barred. However, no reformation is needed here as the four corners of the Deed of Trust refers to things that, extrinsically, completely and adequately describe and identify the Property. And there is no statute of limitations issue with regard to MTGLQ's quiet title claim. *See Poore v. Swan Quarter Farms, Inc.*, 79 N.C. App. 286, 289-90, 338 S.E.2d 817, 819 (1986).

Having determined that the Deed of Trust sufficiently describes the Property, we turn to the question as to whether Curnin is the true owner of the Property. That is, in order for Curnin to pledge the Property as security for the loan, he must have owned the Property. Curnin's ownership of the Property turns on whether the deeds in *his* chain of title sufficiently describe the Property. Several deeds in his chain of

title, including the deed conveying the Property to him, all include the same legal description as the Deed of Trust, with no reference to the book and page number of the subdivision's map in the County's Map Book. We have carefully reviewed the deeds in question and conclude that their references to extrinsic sources sufficiently describe the Property and its boundaries. Therefore, the preceding deeds are valid. Curnin could, and did, encumber the Property in 2007 when he obtained the loan from Bank of America.

## III. Conclusion

The Deed of Trust sufficiently describes the Property to create a lien. We need not address MTGLQ's reformation claim. As such, the trial court erred in denying MTGLQ's motion for summary judgment and granting Defendant's motion for summary judgment. We therefore reverse the order of the trial court and remand for entry of summary judgment in favor of MTGLQ's claim that it has a valid lien on the Property.

REVERSED AND REMANDED.

Judges STROUD and BERGER concur.